UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:15-cv-04108-D |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL "ALEX" JANG, JIN-YOUNG SONG, ALL PRO DISTRIBUTING, INC., | § § § § § § | |
| Defendants. | § | |

---

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL
NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC.
D/B/A GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS
IN RESPONSE TO SUBPOENA DUCES TECUM**

---

Defendant All Pro Distributing, Inc. ("All Pro") files this *Motion to Compel Non-Party Intrinsic Technology Partners, Inc. d/b/a globalauctionlink.com* ("GAL") *to Produce Documents in Response to Subpoena Duces Tecum* and would show as follows*:*

## I.
### BACKGROUND FACTS

All Pro files this motion seeking an order compelling enforcement of All Pro's subpoena duces tecum where compliance with the subpoena is required pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure.

In this proceeding, Plaintiff Samsung Electronics America, Inc. ("Samsung") asserts claims against Defendant All Pro Distributing, Inc. under RICO, 15 U.S.C. §§ 1114(a) and

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL
NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A
GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN
RESPONSE TO SUBPOENA DUCES TECUM**                                    **Page 1**

2575197v1
11209.002

1125(a) of the Lanham Act, as well as claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, misappropriation of trade secrets, tortious interference with existing contracts, and conspiracy under Texas law. The crux of Samsung's First Amended Complaint is that All Pro, together with Defendants Yang Jun Chung ("Chung"), Thomas Porcarello ("Porcarello"), Yoon-Chul Jang ("Jang"), and Jin-Young Song ("Song") (collectively the "Employee Defendants") conspired to interfere with the Employee Defendants' employment agreements with Samsung, encourage them to breach their fiduciary duties to their employer, and infringe upon Samsung's trademarks by, among other things, "rigging" auctions implemented by Samsung to divest itself of excess and obsolete parts, accessories, and other inventory. (*See* Dkt. 47, Samsung's First Amended Complaint, at 1−3.)

Samsung alleges that non-party GAL played a role in that conspiracy. (Dkt. 47 at 15−16, ¶¶ 45−49.) Specifically, Samsung alleges that GAL hosted the "rigged" auctions and was selected as the host for Samsung's auctions by Defendant Porcarello based on a "rigged selection process." (*Id.*)

The allegations involving GAL compelled All Pro to seek documents from GAL related to the Samsung auctions.

A.      **The Subpoena to GAL**

The United States District Court for the Northern District of Texas issued All Pro's Subpoena Duces Tecum (the "Subpoena") to GAL on July, 8, 2016. (Exhibit A.) The Subpoena requested production of 35 categories of documents, including the following:

- Communications—including internal communications and communications with Samsung, Thomas Porcarello, Mike Spears, New Heights Marketing, L.L.C.,

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**                                    **Page 2**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

2575197v1
11209.002

Defendants, auction participants, or third parties—regarding auctions involving Samsung phones, parts, and accessories, including OCTAs and PBAs;

- Communicates exchanged between GAL and Samsung regarding, relating to, or concerning All Pro;

- Documents concerning policies and procedures for auctions involving Samsung phones, parts, and accessories, including OCTAs and PBAs;

- Documents regarding, relating to, or concerning "Buyer Programs" and "Seller Programs";

- Documents regarding, relating to, or concerning descriptions and lists of lot items available for bidding for Samsung phones, parts, and accessories, including OCTAs and PBAs;

- Documents reflecting the identity of bidders, oxy bidders, and bid history for participants in Samsung auctions, as well as documents reflecting the winning bids and second-place bids for such auctions;

- Documents reflecting payments to/from GAL to/from Samsung, Thomas Porcarello, Mike Spears, New Heights Marketing, L.L.C., Defendants, auction participants, or third parties related to any Samsung auctions; and

- Documents reflecting ownership structure of GAL.

(Exhibit A.) The Subpoena also included a deposition by written questions.

Pursuant to Rule 45, GAL was obligated to raise any objections or assert any relevant privileges on or before the earlier of 14 days after the Subpoena was served—July 22, 2016—or before the time specified for compliance—July 28, 2016. GAL did not serve any objections in that timeframe. To date, neither GAL nor Samsung has moved for entry of a protective order or requested that the Subpoena be modified.

**B.    GAL Refuses to Produce Requested Documents**

Instead, on September 12, 2016, GAL served written responses to All Pro's deposition on written questions and written responses to the requests for production. (Exhibit B.) GAL also

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**                               **Page 3**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

2575197v1
11209.002

served 28 pages of responsive documents. Of the 35 requests for production served, GAL provided substantive responses only to Request Nos. 11, 12, 14, 15, 27, 28, 29, 31, 32, 33, and 34. (Exhibit B.)

As to every other request, GAL responded: "Disclosure prohibited by Confidentiality and Non-Disclosure and Use Provisions of Samsung Agreement." (Exhibit B.)[1]

GAL's objections to the Subpoena were not timely, and therefore its objections have been waived. Furthermore, GAL has raised no other objections beyond the confidentiality issue and it has not demonstrated that the materials requested are indeed confidential or prohibited from disclosure. Neither it nor Samsung has sought a protective order preventing the production of the requested documents. And, even if they had, the Court has already entered a protective order in this case that would adequately protect whatever confidentiality interest Samsung or GAL's may have in the requested documents. (*See* Dkt. 35, Agreed Protective Order.) Accordingly, All Pro requests that the Court enter an appropriate order compelling GAL to comply with the Subpoena and produce the requested documents within two weeks of the date of the order is signed.

## II.
### ARGUMENT AND AUTHORITIES

Rule 45(d)(2)(B) provides:

A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. ***The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served***.

---

[1] Although GAL provided a substantive response to Request No. 27, stating that no payments had been received from any Defendants, GAL also responded to this request by stating that disclosure of payments was prohibited by the agreement between GAL and Samsung. (Exhibit B.)

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**                          **Page 4**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

2575197v1
11209.002

FED. R. CIV. P. 45 (d)(2)(B).

A non-party responding to a subpoena may also assert that the information or documents sought are privileged or otherwise protected from disclosure. FED. R. CIV. P. 45(e)(2). But, in doing so, "a person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing the information itself privileged or protected, will enable the parties to assess the claim." FED. R. CIV. P. 45(e)(2)."

## A.      GAL's Objections to All Pro's Subpoena Are Untimely And Therefore Waived

As set out above, All Pro served its Subpoena requesting production of documents on July 8, 2016. (Exhibit A.) Fourteen days after that date was July 22, 2016, and the notice itself stated that compliance was required on or before July 28, 2016. (*Id.*)

GAL did not respond in writing to the Subpoena until September 12, 2016—66 days after the it was served. (Exhibit B.) GAL stated in its response that it was withholding documents it contends are subject to a confidentiality and non-disclosure between GAL and Samsung. To date, GAL has not provided a privilege log as required under Rule 45(e)(2). And its only objection to producing the requested documents appears to be its position that the requested documents are subject to a confidentiality order between it and Samsung.[2] Neither GAL nor Samsung moved to quash or modify the Subpoena or sought an order of protection.

---

[2] On October 19, 2016, the undersigned counsel emailed counsel for Samsung requesting that Samsung give consent to GAL to produce, subject to the Agreed Protective Order entered herein, documents responsive to All Pro's subpoena. Samsung's counsel did not respond to that inquiry.

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**                                      **Page 5**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

2575197v1
11209.002

"The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections," as does failing to file a timely motion to quash. *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y.1996)) (holding that party who believed subpoenas were objectionable could have asserted a right or privilege in relation to the documents and filed a motion to quash subpoenas and that party's failure to such a motion resulted in waiver of any objection she could have raised therein); *see also La. Generating, L.L.C. v. Ill. Union Ins. Co.*, Civ. A. No. 10–516–JJB–SCR, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege."). Because GAL did not serve timely written objections to the Subpoena and did not move to quash or modify it, its objections have been waived. Therefore, it should be compelled to produce documents responsive to the Subpoena.

**B.      Production of the Requested Documents Pursuant to the Agreed Protective Order Entered Herein Adequately Protects Any Confidentiality Interest GAL or Samsung May Have in the Requested Documents**

Apart the untimeliness of GAL's objections to producing documents pursuant to All Pro's subpoena, GAL's objection that disclosure of the requested documents is "prohibited by Confidentiality and Non-Disclosure and Use provisions of Samsung agreement" is baseless. An Agreed Protective Order has been entered in the case. The Agreed Protective Order, by its terms "governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. (Dkt. 35 at 2, ¶ 1.)

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**                                              **Page 6**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

2575197v1
11209.002

The Agreed Protective Order further provides that:

> For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

(Dkt. 35 at 2–3, ¶ 2.)

GAL has not supported its claim that it is prohibited from producing the requested documents. But without agreeing that the information GAL has refused to produced is indeed confidential or that it qualifies as a trade secret, and assuming for the purposes of this *Motion to Compel* only that such documents are "comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor," All Pro believes that GAL can simply produce the requested documents subject to and in accordance with the Agreed Protective Order. (Dkt. 35 at 2, ¶ 2.) Because the Agreed Protective Order adequately protects any interest in the confidentiality of the documents responsive to All Pro's Subpoena, All Pro respectfully requests that the Court enter an order compelling GAL to comply with the Subpoena and to produce responsive documents within two weeks of the date of such order.

---

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**                          **Page 7**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

2575197v1
11209.002

## III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant All Pro Distributing, Inc. respectfully requests that this Court grant its *Motion to Compel Non-Party Intrinsic Technology Partners, Inc. d/b/a globalauctionlink.com* ("GAL") *to Produce Documents in Response to Subpoena Duces Tecum* and enter an order compelling GAL to produce documents responsive to All Pro's Subpoena within two weeks of the date of the order is signed. All Pro also requests that the Court grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, LLP

By: /s/ Barry A. Moscowitz
     Barry A. Moscowitz
     State Bar No. 24004830
     bmoscowitz@thompsoncoe.com
     Rachael Chong Walters
     State Bar No. 24042119
     rwalters@thompsoncoe.com
     Cassie J. Dallas
     State Bar No. 24074105

700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALL PRO DISTRIBUTING, INC.

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**      **Page 8**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on October 19, 2016, I attempted to confer with counsel for Plaintiff Samsung (Jeff Lowenstein, Ben Riemer, and Greg Kelminson) by email regarding GAL's objections to the Subpoena and this Motion. As of the time of the filing of this Motion, I have not received a response from any Plaintiff Samsung's attorneys stating whether Samsung is opposed or unopposed to this Motion or to the relief requested. On October 27, 2016, I attempted to confer with Mark C. Meyers, registered agent for Intrinsic Technology Partners, Inc. d/b/a Globalauctionlink.com ("GAL"), via telephone but was not able to reach him to determine whether GAL is opposed or unopposed to this Motion.

*/s/ Cassie J. Dallas*
Cassie J. Dallas

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**       **Page 9**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

2575197v1
11209.002

## CERTIFICATE OF SERVICE

On October 27, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Jeffrey J. Ansley
Jeffrey S. Lowenstein
Benjamin L. Riemer
Bell, Nunnally & Martin, LLP
3232 McKinney Ave., Suite 1400
Dallas, TX 75204
T: (214) 740-1400
F: (214) 740-1499
E: jansley@bellnunnally.com
E: jlowenstein@bellnunnally.com
E: briemer@bellnunnally.com
*Counsel for Plaintiff*

V. Elizabeth Kellow
Marshall & Kellow, LLP
4099 McEwen, Suite 440
Dallas, TX 75244
T: (214) 956-0200
F: (214) 615-1390
E: ekellow@mktexaslaw.com
*Counsel for Defendant Jin-Young Song*

John R. DeVoss
Jeffrey J. Smith
Smith DeVoss, PLLC
8225 Mid Cities Blvd., Suite 200
North Richland Hills, TX 76182
T: (817) 581-2700
F: (817) 423-7474
E: john@smithdevoss.com
*Counsel for Defendant Thomas Porcarello*
***Via CM/RRR:***
Mark C. Meyers, Registered Agent of Intrinsic
Technology Partners, Inc. d/b/a
Globalauctionlink.com
5036 Trail Lake Drive, Ste 100
Plano, TX 75093
T: (214) 477-5857

Yang Kun "Michael" Chung, *Pro Se*
5506 Corot Ct.
Fairfax, VA 22032
T: (703) 250-1066
E: ykchung111@gmail.com

/s/ *Barry A. Moscowitz*
Barry A. Moscowitz

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S MOTION TO COMPEL**     **Page 10**
**NON-PARTY INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A**
**GLOBALAUCTIONLINK.COM TO PRODUCE DOCUMENTS IN**
**RESPONSE TO SUBPOENA DUCES TECUM**

2575197v1
11209.002