IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA INC., et al., | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-4108-D |
| YANG KUN CHUNG, et al., | § § § | |
| Defendants. | § § | |
| INTRINSIC TECHNOLOGY PARTNERS, INC. D/B/A GLOBALAUCTIONLINK.COM, | § § § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**[1]

Defendant All Pro Distributing, Inc. ("All Pro") has filed a Motion to Compel Non-Party Intrinsic Technology Partners, Inc. d/b/a globalauctionlink.com to Produce Documents in Response to Subpoena Duces Tecum. *See* Dkt. No. 72 (the "Motion to Enforce"). All Pro seeks an order compelling enforcement of All Pro's subpoena duces tecum (the "Subpoena") served on Intrinsic Technology Partners, Inc. d/b/a

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

globalauctionlink.com ("GAL") as required by Federal Rule of Civil Procedure Rule 45(d)(2)(B)(i). *See id.* at 1.

United States District Judge Sidney A. Fitzwater has referred the Motion to Enforce to the undersigned United States magistrate judge for a hearing, if necessary, and determination. *See* Dkt. No. 4. The Court then ordered a response from GAL and ordered All Pro's counsel to serve the order on GAL and to then file a certificate of conference. *See* Dkt. No. 74. All Pro has done so. *See* Dkt. No. 75. GAL has not filed a response, and its time to do so under the Court's order (or, for that matter, Northern District of Texas Local Civil Rule 7.1(e)) has passed.

The Court determines that a hearing is not necessary and now, for the reasons and to the extent explained below, DENIES the Motion to Enforce.

## Background

According to the Motion to Enforce,

> Plaintiff Samsung Electronics America, Inc. ("Samsung") asserts claims against Defendant All Pro Distributing, Inc. under RICO, 15 U.S.C. §§ 1114(a) and 1125(a) of the Lanham Act, as well as claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, misappropriation of trade secrets, tortious interference with existing contracts, and conspiracy under Texas law. The crux of Samsung's First Amended Complaint is that All Pro, together with Defendants Yang Jun Chung ("Chung"), Thomas Porcarello ("Porcarello"), Yoon-Chul Jang ("Jang"), and Jin-Young Song ("Song") (collectively the "Employee Defendants") conspired to interfere with the Employee Defendants' employment agreements with Samsung, encourage them to breach their fiduciary duties to their employer, and infringe upon Samsung's trademarks by, among other things, "rigging" auctions implemented by Samsung to divest itself of excess and obsolete parts, accessories, and other inventory. (See Dkt. 47, Samsung's First Amended Complaint, at 1-3.)

> Samsung alleges that non-party GAL played a role in that conspiracy. (Dkt. 47 at 15-16, ¶¶ 45-49.) Specifically, Samsung alleges that GAL hosted the "rigged" auctions and was selected as the host for Samsung's auctions by Defendant Porcarello based on a "rigged selection process." (*Id.*)
> 
> The allegations involving GAL compelled All Pro to seek documents from GAL related to the Samsung auctions.
> 
> ....
> 
> The United States District Court for the Northern District of Texas issued All Pro's Subpoena Duces Tecum (the "Subpoena") to GAL on July, 8, 2016. (Exhibit A.) The Subpoena requested production of 35 categories of documents, including the following:
> 
> • Communications – including internal communications and communications with Samsung, Thomas Porcarello, Mike Spears, New Heights Marketing, L.L.C., Defendants, auction participants, or third parties – regarding auctions involving Samsung phones, parts, and accessories, including OCTAs and PBAs;
> • Communicates exchanged between GAL and Samsung regarding, relating to, or concerning All Pro;
> • Documents concerning policies and procedures for auctions involving Samsung phones, parts, and accessories, including OCTAs and PBAs;
> • Documents regarding, relating to, or concerning "Buyer Programs" and "Seller Programs";
> • Documents regarding, relating to, or concerning descriptions and lists of lot items available for bidding for Samsung phones, parts, and accessories, including OCTAs and PBAs;
> • Documents reflecting the identity of bidders, oxy bidders, and bid history for participants in Samsung auctions, as well as documents reflecting the winning bids and second-place bids for such auctions;
> • Documents reflecting payments to/from GAL to/from Samsung, Thomas Porcarello, Mike Spears, New Heights Marketing, L.L.C., Defendants, auction participants, or third parties related to any Samsung auctions; and
> • Documents reflecting ownership structure of GAL.
> 
> (Exhibit A.) The Subpoena also included a deposition by written questions.

Dkt. No. 72 at 1-3.

According to All Pro, "[p]ursuant to Rule 45, GAL was obligated to raise any objections or assert any relevant privileges on or before the earlier of 14 days after the

Subpoena was served – July 22, 2016 – or before the time specified for compliance – July 28, 2016. GAL did not serve any objections in that timeframe. To date, neither GAL nor Samsung has moved for entry of a protective order or requested that the Subpoena be modified." *Id.* at 3. "Instead, on September 12, 2016, GAL served written responses to All Pro's deposition on written questions and written responses to the requests for production," and "GAL also served 28 pages of responsive documents. Of the 35 requests for production served, GAL provided substantive responses only to Request Nos. 11, 12, 14, 15, 27, 28, 29, 31, 32, 33, and 34." *Id.* at 3-4. "As to every other request, GAL responded: 'Disclosure prohibited by Confidentiality and Non-Disclosure and Use Provisions of Samsung Agreement.'" *Id.* at 4.

> All Pro asserts that:
>
> GAL's objections to the Subpoena were not timely, and therefore its objections have been waived. Furthermore, GAL has raised no other objections beyond the confidentiality issue and it has not demonstrated that the materials requested are indeed confidential or prohibited from disclosure. Neither it nor Samsung has sought a protective order preventing the production of the requested documents. And, even if they had, the Court has already entered a protective order in this case that would adequately protect whatever confidentiality interest Samsung or GAL's may have in the requested documents. (See Dkt. 35, Agreed Protective Order.) Accordingly, All Pro requests that the Court enter an appropriate order compelling GAL to comply with the Subpoena and produce the requested documents within two weeks of the date of the order is signed.

*Id.*

"Accordingly, All Pro requests that the Court enter an appropriate order compelling GAL to comply with the Subpoena and produce the requested documents within two weeks of the date of the order is signed." *Id.*

**Legal Standards**

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty "to whom it is directed to ... produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii).

"Federal Rule of Civil Procedure 45 'explicitly contemplates the use of subpoenas in relation to non-parties' and governs subpoenas served on a third party, such as [GAL], as well as motions to quash or modify or to compel compliance with such a subpoena." *Am. Fed'n of Musicians of the United States & Canada v. SKODAM Films, LLC*, 313 F.R.D. 39, 42 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009)).

Under Rule 45, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); *see also* FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises ... may be set out in a separate subpoena."). Rule 45(a)(1)(C) further provides that "[a] subpoena may specify the form or forms in which electronically stored information is to be produced." FED. R. CIV. P. 45(a)(1)(C).

Rule 45(d)(2)(B) requires that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or

all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested" – and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). "'The serving party may agree to extend the deadline to respond to a subpoena, including the deadline to serve written objections.'" *Am. Fed'n*, 313 F.R.D. at 43 (quoting *Shaw Group, Inc. v. Zurich Am. Ins. Co.*, Civ. A. No. 12-257-JJB-RLB, 2014 WL 1783955, at *4 (M.D. La. May 5, 2014)).

"If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED. R. CIV. P. 45(d)(2)(B).

The target of a Rule 45 subpoena can also file a motion to quash or modify the subpoena. Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

Additionally, Rule 45(d)(3)(B) provides that, "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on

motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B)(1). But "the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." FED. R. CIV. P. 45(d)(3)(C).

## Discussion

The Subpoena commands GAL to appear for a deposition on written questions and produce documents, electronically stored information, and/or objects at the office of GAL's registered agent in Plano, Texas. *See* Dkt. No. 72-1. As noted above, Rule 45(d)(2) governs a motion to enforce or compel compliance with a subpoena, and its provisions only provide only for "the court for the district where compliance is required" to issue an order compelling production or inspection on a proper motion. FED. R. CIV. P. 45(d)(2)(B); *see also* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

The Subpoena served on GAL requires compliance at a location in Plano, Texas, which lies within the Eastern District of Texas. Accordingly, this Court has no authority to address All Pro's Rule 45(d)(2)(b)(i) motion as filed.

And, while this Court is the "issuing court" under Federal Rule of Civil Procedure 45(a)(2), the Court has no authority to transfer the Motion to Enforce by Federal Rule of Civil Procedure 45(f)'s terms and where the motion is not properly

-7-

before this Court in the first instance. Where a motion to compel under Rule 45(d)(2) or for contempt under Rule 45(g) is properly filed in the court for the district where compliance is required, Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f).

But Rule 45(f) does not provide for the issuing court to transfer an improperly-filed motion to the court for the district where compliance is required in the first instance. Rather, "the motion must be filed in the first instance with the court in the district where compliance is required. If that occurs, that court may exercise its discretion to transfer the motion to the issuing court if the court finds that the conditions set forth in [Rule 45(f)] are satisfied." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 11117083, at *2 (E.D. Tex. Mar. 27, 2015). "But because this Court is the issuing court and not the court in the district where compliance is required, this Court is not empowered to make that determination in the first instance." *Id.*

## Conclusion

For the reasons and to the extent explained above, the Court DENIES Defendant All Pro Distributing, Inc.'s Motion to Compel Non-Party Intrinsic Technology Partners, Inc. d/b/a globalauctionlink.com to Produce Documents in Response to Subpoena Duces Tecum [Dkt. No. 72] without prejudice to refiling in the United States District Court for the Eastern District of Texas.

SO ORDERED.

DATED: November 30, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE