UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-cv-04108-D |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL "ALEX" JANG, JIN-YOUNG SONG, ALL PRO DISTRIBUTING, INC., | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSED MOTION
FOR A LIMITED PROTECTIVE ORDER AND BRIEF IN SUPPORT**

NOW COMES Plaintiff Samsung Electronics America, Inc. ("Samsung" or "Plaintiff"), by and through counsel, and moves for a limited protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in support thereof would respectfully show as follows.

### I.   FACTUAL BACKGROUND

Plaintiff hereby incorporates by reference as if fully set forth herein Parts II and III of Plaintiff's Response to Defendant All Pro's Second Motion to Compel and Brief in Support [Dkt. No. 96] (the "Response"), and all of the exhibits attached to that Response.

### II.   ARGUMENT AND AUTHORITIES

All Pro's Second Motion to Compel (the "Motion") asks the Court to order Samsung to produce recorded witness statements of the employee defendants resulting from Samsung's pre-suit internal investigation into employee theft. (*See* Dkt. No. 86, Parts II.B.1, Part II.D.1) During

Samsung's internal investigation of the theft of Samsung parts and equipment by its employees, and in anticipation of litigation resulting from the findings of its investigation, Samsung recorded conversations and obtained written statements from Defendants Yang Kun "Michael" Chung, Thomas Porcarello, Yoon-Chul "Alex" Jang, and Jin-Young Song (collectively, the "Terminated Employees"). Samsung requests a limited protective order permitting Samsung to delay the production of the videotaped interviews of the Terminated Employees pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including the time and place [for] . . . the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B). Further, Rule 26(d) authorizes a court, upon motion, to sequence discovery for convenience and in the interest of justice. FED. R. CIV. P. 26(d)(3).

Good cause exists for, and the interest of justice requires, the Court to delay the production of the videotaped interviews of the Terminated Employees until after they have been deposed so that Samsung may obtain the benefit of an unrefreshed recollection of the Terminated Employees. Samsung further requests that the Court delay production to ensure the videotaped interviews are not shared among the Terminated Employees before they are deposed, which would inevitably influence the testimonies of the Terminated Employees, provide the Terminated Employees the opportunity to coordinate stories, and otherwise frustrate Samsung's ability to learn the truth.

It is well established that Rule 26(b)(3)(C) authorizes "any party or other person" to "obtain the person's own previous statement about the action or its subject matter." FED. R. CIV. P. 26(b)(3)(C). Samsung does not dispute that the videotaped interviews of the Terminated

Employees fall under the Rule and must ultimately be produced. Nothing in the Rule, however, entitles the Terminated Employees to the immediate production of their statements. Indeed, numerous courts have concluded "that a party should be given a copy of his or her own statement but that the production of the statement may be delayed until after the party's deposition has been taken by the opponent." 8 C. Wright & A. Miller, M. Kane, L. Marcus, Fed. Prac. & Proc. § 2027 (3d ed.) [hereinafter Wright & Miller]; *see also Torres-Paulett*, 157 F.R.D. 487, 489 (S.D. Cal. 1994) (stating "if defendant was required to produce plaintiff's recorded statement prior to the deposition, defendant would be deprived of plaintiff's unrefreshed recollection") (citing *Smith v. Central Linen Serv.*, 39 F.R.D. 15 (D.C. Md. 1996); *Belback v. Wilson Freight Forwarding Co.*, 40 F.R.D. 16 (W.D. Pa. 1966); *McCoy v. Gen. Motors Corp.*, 33 F.R.D. 354 (W.D. Pa. 1963)).

The Fifth Circuit notes that courts have latitude in determining the time when witness statements must be produced, including permitting the party's deposition to be taken first. *See Miles v. M/V Miss. Queen*, 753 F.2d 1349, 1352 (5th Cir. 1985). The Fifth Circuit further explains that the Advisory Committee Notes to Rule 26 state, "'[i]n appropriate cases the court may order a party to be deposed before his statement is produced, (Rule 26 committee note (Party's Right to Own Statement) (West ed. at 159) because 'there is a legitimate interest in receiving a version of the party's testimony which has not been tailored to conform to an earlier statement." *Id.* at 1352, fn. 3 (quoting 4 Moore's Federal Practice, 26.65 at 26-397; 10 Federal Procedure, Lawyers Edition, § 26:49 at 255; *Nelxon v. Puerto Rico Marine Mgt., Inc.*, 72 F.R.D. 637 (D. Md. 1976); *Smith v. China Merchants Steam Nav. Co., Ltd.*, 59 F.R.D. 178 (E.D. Pa. 1972; *Straughan v. Barge MVL No. 802*, 291 F.Supp. 282 (S.D. Tex. 1968).

In determining whether to delay production of a person's own previous statement, a court may weigh the substantive and impeachment value of the evidence. When evidence has both substantive and impeachment value, the preferred practice is to delay production until after the person requesting his statement has been deposed. Wright & Miller § 2015. As set forth in Wright & Miller:

> The values of surprise could be largely preserved by providing discovery or pretrial revelation of impeachment material which falls within the present category only at a time shortly before trial, and only after the party asked about the existence and nature of such material had been given an opportunity—ordinarily by deposition—to commit the inquiring party to a final version of the events and claims related to the impeachment material. This procedure should forestall most conforming testimony, and would afford a reasonably effective means of embarrassing those who might still attempt to meet the impeaching material in untruthful ways. At the same time, it would be possible to prepare to meet impeaching material which is susceptible of honest explanation or refutation. Having preserved the values of surprise, there would be no remaining reasons to deny discovery . . .

*Id.* (citation omitted). "Courts have repeatedly adopted this solution." *Id.* (citing *Donovan v. AXA Equitable Life Ins. Co.*, 252 F.R.D. 82, 83 (D. Mass. 2008) (video surveillance tapes of disability insurer not compelled for production until after insured seeking disability benefits is deposed); *Hildebrand v. Wal-Mart Stores, Inc.*, 194 F.R.D. 432 (D. Conn. 2000); *Walls v. Int'l. Paper Co.*, 192 F.R.D. 294 (D. Kan. 2000); *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 104 (E.D.N.C. 1993) ("[T]he timing of the disclosure of [surveillance videos] must be such that the impeachment value of the evidence is preserved. Defendant must be furnished with the opportunity to depose Plaintiff, so that the prior recording of the sworn testimony will discourage Plaintiff from altering his testimony in light of what the films or tapes reveal."); and *Ward v. CSX Transp. Inc.*, 161 F.R.D. 38 (E.D.N.C. 1995)). *See also Straughan*, 291 F.Supp. 282 (S.D. Tex. 1968) ("[D]efendant will be granted upon a timely request a protective order allowing him

AND BRIEF IN SUPPORT                                                                                          Page 4

to take the plaintiff's deposition before producing the [witness] statement."); *McCoy*, 33 F.R.D. at 356 ("There is always the danger that pretrial inspection [of witness's recorded statement] will afford an opportunity to tailor testimony in accordance with prior explanation." . . . [Delaying production until after the witness's deposition] "is necessary to protect the legitimate interests of both parties . . . .").

Samsung respectfully requests the Court to delay the production of the videotaped interviews of the Terminated Employees until after they have been deposed so that Samsung may obtain the benefit of an unrefreshed recollection of the Terminated Employees and to obtain their sworn testimony without tailoring their testimony in accordance with their prior explanations. Samsung further requests that the Court delay production to ensure the videotaped interviews are not shared among the Terminated Employees before they are deposed, which may influence the testimonies of the Terminated Employees, provide the Terminated Employees the opportunity to coordinate stories, or otherwise hinder Samsung in its quest for the truth.[1]

All Pro's Motion also asks to compel the production of documents such as reports or collections of data resulting from the investigations. [Dkt. No. 86 at pp.8] All Pro also complains about Samsung's assertion of privilege in response to various requests that ask for documents that relate to allegations in Samsung's Complaint. [Dkt. No. 86 at p.15-16] In addition to witness statements, these requests encompass plainly privileged documents, such as internal reports

---

[1] There were recorded interviews of Samsung employees other than the Terminated Employees in connection with Samsung's investigation that uncovered the employee theft and conduct at issue in this lawsuit. The scope of the interviews of these other employees was much broader than the allegations and events at issue in this case. Most, if not all, of these interviews were conducted in Korean. Producing all of the interviews conducting during this extremely broad investigation would disclose confidential information pertaining to Samsung's business practices entirely unrelated to this case, and would include information that has nothing to do with this litigation. Samsung would also incur the burden of having to translate these interviews from Korean into English, imposing additional, unnecessary costs simply to have a copy of interviews produced in this litigation. Samsung requests protection from the production of any interviews other than the interviews of the Terminated Employees.

about the results of the investigation that were prepared in anticipation of this lawsuit. *See* FED. R. CIV. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative…."). These privileged documents have been disclosed on Plaintiff's First Amended Privilege Log, attached hereto as <u>Exhibit A</u>. Tellingly, All Pro does not move to compel the production of any specific items on the Privilege Log. Samsung's assertion of privilege in response to the requests identified in the Motion is proper. Privilege items are expressly outside the scope of permissible discovery. FED. R. CIV. P. 26(b)(1). Although the Rules make some exception if the privilege material is "otherwise discoverable" under Rule 26(b)(1), All Pro must also show that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent. FED. R. CIV. P. 26(b)(3)(A). All Pro made no attempt to meet its burden to show that any privilege items are otherwise discoverable or that it has a substantial need for any privileged items. Accordingly, All Pro states no grounds for overruling Samsung's assertion of privilege or for compelling the production of any documents on the Privilege Log.

### III.   PRAYER

For the reasons set out above, Samsung respectfully requests a limited protective order requiring Samsung to give immediate notice to all Defendants in this litigation of all persons whose videotaped interviews are in Samsung's possession; permitting Samsung to withhold production of the videotaped interviews of the Terminated Employees until after the depositions of the Terminated Employees; and requiring Samsung to provide a copy of the videotaped interviews of the Terminated Employees after they have been deposed. Samsung further requests that the Court sustain Samsung's assertion of privilege in response to All Pro's discovery

requests and to protect the items on Samsung's First Amended Privilege Log from production.

Samsung further requests all other and further relief to which it shows it is entitled.

        Respectfully submitted,

        **BELL NUNNALLY & MARTIN LLP**

    By:    */s/ Benjamin L. Riemer*
           Jeffrey J. Ansley
           State Bar No. 00790235
           jansley@bellnunnally.com
           Jeffrey S. Lowenstein
           Texas Bar No. 24007574
           jlowenstein@bellnunnally.com
           Benjamin L. Riemer
           State Bar No. 24065976
           briemer@bellnunnally.com

    3232 McKinney Avenue, Suite 1400
    Dallas, Texas   75204-2429
    Telephone:  (214) 740-1400
    Facsimile:   (214) 740-1499

    **ATTORNEYS FOR PLAINTIFF**
    **SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

       The undersigned attorney certifies that on February 23, 2017, I conferred with counsel for All Pro, Barry Moscowitz, concerning the relief requested in the motion by phone.  All Pro does not agree to the delayed production of the videotaped interviews above. Therefore, this motion is presented to the Court as opposed.

                                                */s/ Benjamin L. Riemer*
                                                Benjamin L. Riemer

2772419_4.docx

## CERTIFICATE OF SERVICE

  I hereby certify that on February 23, 2017, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification to all parties of record. Additionally, a copy of this filing was sent to Yang Kun "Michael" Chung *via* email at ykchung111@gmail.com.

                 */s/ Benjamin L. Riemer*
                 Benjamin L. Riemer