IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA INC., | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-4108-D |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL"ALEX" JANG, JIN-YOUNG SONG, ALL PRO DISTRIBUTING, INC., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant All Pro Distributing, Inc. ("All Pro") has filed a Second Motion to Compel Plaintiff to Withdraw Improper Objections and Respond Fully to Written Discovery. *See* Dkt. No. 85 (the "Second MTC"). All Pro seeks an order overruling Plaintiff Samsung Electronics America, Inc.'s ("Samsung") objections to All Pro's First Requests for Production, First Set of Interrogatories, Second Request for Production to Plaintiff, and Third Request for Production to Plaintiff and compelling Samsung to state in its responses whether it has produced responsive documents, compelling Samsung to fully respond to the requests, and compelling Samsung to produce all non-privileged responsive documents by a date certain. *See id.* at 1.

United States District Judge Sidney A. Fitzwater has referred the Second MTC to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636. *See* Dkt. No. 87.

Samsung filed a response, *see* Dkt. No. 96, as well as an Opposed Motion for a Limited Protective Order, *see* Dkt. No. 97 (the "MPO"), which Judge Fitzwater also referred to the undersigned for a hearing, if necessary, and determination under 28 U.S.C. § 636, *see* Dkt. No. 98.

All Pro filed a reply in support of the Second MTC, *see* Dkt. No. 105, as well as a response to the MPO, *see* Dkt. No. 104. Defendant Jin-Young Song also filed a response in opposition to the MPO. *See* Dkt. No. 102.

On March 6, 2017, the Court heard oral argument on the Second MTC and the MPO. *See* Dkt. No. 106.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part All Pro's Second MTC [Dkt. No. 85] and GRANTS in part and DENIES in part Samsung's MPO [Dkt. No. 97].

## Background

According to the Second MTC,

Plaintiff Samsung Electronics America, Inc. ("Samsung") filed its Original Complaint on December 31, 2015 and its First Amended Complaint ("Complaint") on June 8, 2016. [Dkt. 1 and 47]. Samsung has sued All Pro and four of Samsung's former employees (hereinafter referred to as "Employee Defendants") claiming (1) violations of state and federal trademark infringement laws, (2) violations of the RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT, (3) breach of employment contracts, (4) breach of fiduciary duties, (5) aiding and abetting breach of fiduciary duties, (6) tortious interference with

contracts, (7) civil conspiracy, and (8) misappropriation under the TEXAS TRADE SECRETS ACT. In its Complaint, Samsung sets forth very specific and detailed factual allegations that purportedly support the causes of action it has brought against the Defendants.

Dkt. No. 86 at 5 (emphasis removed).

All Pro explains that, "[o]ver the past year, the parties have exchanged and responded to a considerable number of written discovery requests" but that "no depositions have been taken and the discovery process has been at a standstill for some time." *Id.* "Since All Pro filed its first Motion to Compel on May 24, 2016, the parties have made several efforts to resolve their discovery disputes but have been unable to reach an agreement on all issues." *Id.*

All Pro reports that, "[o]n December 28, 2016, the Court entered an Order 'statistically terminating' All Pro's pending Motion to Compel despite the fact that there many outstanding discovery issues" and that, "[a]s a result, All Pro files this Second Motion to Compel, specifically setting forth the remaining areas of disagreement regarding Samsung's responses to All Pro's First Requests for Production and First Set of Interrogatories, and to address new areas of disagreement regarding Samsung's responses to All Pro's Second Requests for Production and Third Requests for Production." *Id.* at 6 (emphasis removed).

According to All Pro, "the parties continue to disagree regarding the objections Samsung has asserted to All Pro's requests, the adequacy of Samsung's responses to several requests, the sufficiency and completeness of Samsung's document production, and whether Samsung is permitted to withhold certain key documents (that Samsung

admits are not privileged or protected) until after depositions have been taken in this case," and, "these issues will not be resolved until the Court intervenes." *Id.* More specifically, All Pro contends that:

- Samsung must remove improper assertions of privilege in response to All Pro's First Request for Production Nos. 80 and 81 and cannot withhold materials until after depositions;

- Samsung's overbreadth, burdensomeness, relevance, and disproportionality objections to All Pro's First Request for Production Nos. 18-21, 46, 47, 51-53, 55, 58, 59, 82, 84-86, 94, and 96 must be overruled;

- Samsung's objections that requests "call for a legal conclusion" in response to All Pro's First Request for Production Nos. 61-73 should be overruled;

- Samsung responses to All Pro's First Request for Production Nos. 3-9, 11, 15, 19, 21, 30, 37, 39, 40-54, 56, 58, 59, 73-77, 87-88, and 97 fail to explain whether responsive documents exist, whether it has produced responsive documents, and whether any non-privileged documents have been withheld;

- Samsung's overbreadth, burdensomeness, and scope objections to All Pro's Second Requests for Production Nos. 18 and 22-30 must be overruled;

- Samsung must remove improper assertions of privilege in response to All Pro's Third Requests for Production Nos. 1-12, 15, 17, 19, 20, 22-37, and 39-41 and cannot withhold materials until after depositions;

- Samsung's objections of overbreadth, burdensomeness, and disproportionality to All Pro's Third Requests for Production Nos. 13 and 14 must be overruled;

- Samsung's objections to All Pro's Third Requests for Production Nos. 1-9, 13-14, 18, 25-32, 35-37, 39, and 40 that the documents are "equally available" to defendants should be overruled;

- Samsung must remove its unfounded assertion of privilege in response to All Pro's Third Requests for Production No. 21;

- Samsung's objections to Interrogatory No. 1 are improper and its answer is incomplete;

- Samsung's objections to Interrogatory No. 2 are improper as All Pro is entitled to the requested information;

- Samsung's objections to Interrogatory No. 4 are improper and its answer is incomplete;

- Samsung's answers to Interrogatory Nos. 5, 6, 7, and 8 are incomplete;

- Samsung's objections to Interrogatory No. 9 are improper and its answer is incomplete; and

- Samsung's objections to Interrogatory No. 11 are improper.

Dkt. No. 86 at 8-23.

All Pro "requests that the Court enter an order that: 1. overrules Samsung's improper objections and compels Samsung to amend its responses accordingly; 2. compel Samsung to state in its responses whether it has produced responsive documents; 3. compels Samsung to fully respond to the requests; and 4. compels Samsung to produce any and all responsive, non-privileged documents, all to occur within fourteen (14) days of the date of the Court's order." Dkt. No. 85 at 2; *see also*

Dkt. No. 86 at 23 ("For the foregoing reasons, All Pro respectfully requests that the Court enter an order overruling Samsung's improper objections, compelling Samsung to amend supplement its discovery responses to remove such objections, compelling Samsung to clarify whether it has produced responsive documents, [compelling Samsung] to produce all non-privileged, responsive documents by a date certain, and compelling Samsung to provide complete discovery responses and produce non-privileged, responsive documents by a date certain.").

Samsung responds that "All Pro filed its [Second MTC] despite the fact that Samsung notified All Pro that it was preparing amended discovery responses that it would soon serve" and that "Samsung, in fact, served the amended responses the day after All Pro filed its [Second MTC], but All Pro has not amended its [Second MTC] to address them." Dkt. No. 96 at 1. Samsung further contends that "All Pro's [Second MTC] is notable for what it spends little time doing – that is, addressing the content of its discovery requests to show how they seek discoverable information or describing the bases for Samsung's objections" – and that "All Pro instead resorts to generalized complaints about large groups of discovery requests that it attempts to support with conclusory assertions" but "has failed to meet its burden to prove it seeks discoverable information." *Id.*

According to Samsung, its "objections are well supported by the law and the facts, but Samsung has nonetheless withdrawn many in view of the fact that it subsequently determined that it is not withholding documents based on an objection." *Id.* Samsung contends that its "remaining objections are supported by the facts and

law," where "All Pro's discovery requests often exceed the scope of permissible discovery and are clearly designed to impose exorbitant costs on Samsung to collect, review, and produce documents that have little or no relevance to this case or are duplicative of documents All Pro has obtained from a third party. Put simply, All Pro's sweeping requests are not proportional to the needs of the case and are an attempt to impose the burden on Samsung to prove obviously improper discovery should not be permitted." *Id.*

Finally, Samsung explains that, while "most of All Pro's complaints concern the appropriateness of Samsung's objections, and not the content of Samsung's document production," "[t]he only items specifically identified in All Pro's [Second MTC] as having not been produced are certain witness statements and associated documents." *Id.* at 2. Samsung notes that it "has filed a Motion for Limited Protective Order with this Response asking the Court to adopt the analysis of other courts that would permit the production of the witness statements after Defendants' depositions so Samsung may obtain their unrefreshed recollection of the events at issue" and that "[o]ther documents pertaining to those statements are on Samsung's Privilege Log, which All Pro has not raised in its" Second MTC. *Id.* "Samsung requests that the Court sustain Samsung's remaining objections and deny All Pro's" Second MTC. *Id.*

In the MPO, Samsung explains that All Pro's Second MTC "asks the Court to order Samsung to produce recorded witness statements of the employee defendants resulting from Samsung's presuit internal investigation into employee theft." Dkt. No. 97 at 1. According to Samsung, during its "internal investigation of the theft of

Samsung parts and equipment by its employees, and in anticipation of litigation resulting from the findings of its investigation, Samsung recorded conversations and obtained written statements from Defendants Yang Kun 'Michael' Chung, Thomas Porcarello, Yoon-Chul 'Alex' Jang, and Jin-Young Song (collectively, the 'Terminated Employees')." *Id.* at 1-2.

"Samsung requests a limited protective order permitting Samsung to delay the production of the videotaped interviews of the Terminated Employees pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." *Id.* at 2. According to Samsung, "[g]ood cause exists for, and the interest of justice requires, the Court to delay the production of the videotaped interviews of the Terminated Employees until after they have been deposed so that Samsung may obtain the benefit of an unrefreshed recollection of the Terminated Employees." *Id.* "Samsung further requests that the Court delay production to ensure the videotaped interviews are not shared among the Terminated Employees before they are deposed, which would inevitably influence the testimonies of the Terminated Employees, provide the Terminated Employees the opportunity to coordinate stories, and otherwise frustrate Samsung's ability to learn the truth." *Id.*

In the MPO, Samsung further notes that All Pro's Second MTC "also asks to compel the production of documents such as reports or collections of data resulting from the investigations" and "complains about Samsung's assertion of privilege in response to various requests that ask for documents that relate to allegations in Samsung's Complaint." *Id.* at 5. Samsung contends that, "[i]n addition to witness statements, these requests encompass plainly privileged documents, such as internal

reports about the results of the investigation that were prepared in anticipation of this lawsuit"; that "[t]hese privileged documents have been disclosed on Plaintiff's First Amended Privilege Log"; that "All Pro does not move to compel the production of any specific items on the Privilege Log"; and that "Samsung's assertion of privilege in response to the requests identified in the [Second MTC] is proper," where "[p]rivilege items are expressly outside the scope of permissible discovery" and, "[a]lthough the Rules make some exception if the privilege material is 'otherwise discoverable' under Rule 26(b)(1), All Pro must also show that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent," which it has "made no attempt to meet its burden to show." *Id.* at 5-6.

And, in a footnote, Samsung explains that "[t]here were recorded interviews of Samsung employees other than the Terminated Employees in connection with Samsung's investigation that uncovered the employee theft and conduct at issue in this lawsuit"; that "[t]he scope of the interviews of these other employees was much broader than the allegations and events at issue in this case"; that "[m]ost, if not all, of these interviews were conducted in Korean"; and that "[p]roducing all of the interviews conducting during this extremely broad investigation would disclose confidential information pertaining to Samsung's business practices entirely unrelated to this case, and would include information that has nothing to do with this litigation." *Id.* at 5 n.1 Samsung contends that it "would also incur the burden of having to translate these interviews from Korean into English, imposing additional, unnecessary costs simply to have a copy of interviews produced in this litigation." *Id.* "Samsung requests

protection from the production of any interviews other than the interviews of the Terminated Employees." *Id.*

Invoking Federal Rules of Civil Procedure 26(b)(3)(C) and 26(c), Song opposes the MPO "that seeks to delay Samsung's production of requested copies of written statements, contemporaneous recordings, transcriptions and translations of interviews of and statements made by Song and Defendants Chung, Porcarello, and Jang, as well as other, but as-yet unnamed other employees." Dkt. No. 102 at 1. Song contends that preventing or delaying access to the Witness Statements defeats what courts recognize as the paramount goals of transparency, collaboration, and efficiency in the discovery process. *See id.* Song reports that he has outstanding discovery requests to Samsung seeking these materials, including witness statements by Song. *See id.* at 2.

Song further explains that the United States Court of Appeals for the Fifth Circuit has recognized that Rule 26(b)(3)(C) makes a party's statement discoverable as a right unless the party seeking to withhold production shows good cause by offering proof of specific facts, not merely argument or conclusions. *See id.* at 2-3 (citing *Miles v. M/V Mississippi Queen*, 753 F.2d 1349, 1351 (5th Cir. 1985); *United States v. Garrett*, 571 F.2d 1323, 1325 (5th Cir. 1978)).

Song contends that Samsung's MPO "offers no competent evidence, only assumptions and conclusory statements." *Id.* at 3. According to Song,

> Samsung's live First Amended Complaint reflects only the barest of allegations that identify Song by name – as opposed to allegations against the employee defendants as a group. For example, after identifying him as a[n] individual party, Samsung raises allegations that specifically name Song in only about 7 (short) paragraphs of their 152 paragraph

Complaint, including allegations about admissions he supposedly made in his Witness Statements. This highlights the substantive nature of Song's Witness Statements, and Song's legitimate interest in discovering them. By withholding the Witness Statements – including the Witness Statements that include references to Song by others – Samsung seeks to offensively invoke "protection" to keep what Samsung admits is substantive evidence from Song until after he is deposed. That would be tantamount to discovery "by ambush."

*Id.*

Song further argues that Samsung has not made the required Rule 26(c) showing for a protective order, where "Samsung offers no evidence showing that production now of the Witness Statements will cause Samsung annoyance, embarrassment, oppression or undue burden or expense, as contemplated by the Rule." *Id.* "Without offering evidence, Samsung argues that it is entitled to depose Song and the other employee defendants without those witnesses 'refreshing their recollection' of their prior alleged Witness Statements so that they cannot 'tailor' their testimony," which, according to Song, "appears to be a euphemistic, speculative and conclusory way of suggesting that Song and others will be dishonest if they have their Witness Statements before being deposed, that withholding the Witness Statements will encourage them [to] testify honestly or allow Samsung to catch them in a lie." *Id.* at 3-4 (citations omitted). Song urges the Court to "decline either to (1) presume the dishonesty of Song or the other witnesses or their respective counsel who are officers of the Court or (2) adopt a rule that allows parties to freely withhold documents from production and to randomly police discovery based on the arbitrary perception of a

party, without cause, justification, or notice." *Id.* at 4 (internal quotation marks omitted).

"For the sake of fairness and an open, transparent, efficient discovery process, Song asks that the Court deny Samsung's Motion for Limited Protective Order, require prompt production of the Witness Statements, and for such other relief to which Song is entitled." *Id.*

In response to the MPO, All Pro explains that, "[w]hile Samsung has supplemented its discovery responses, produced approximately 11,000 additional documents, and filed its Response to Defendant All Pro Distributing, Inc.'s Second Motion to Compel and Brief in Support [Dkt. 96], it continues to withhold the Employee Defendants' statements and recorded interviews." Dkt. No. 104 at 3. "It also seeks to withhold additional Samsung employee statements despite conceding that such statements contain information responsive to All Pro's discovery requests," and, All Pro notes, "the statements that Samsung seeks to withhold are not statements of All Pro or All Pro employees." *Id.*

All Pro contends that, "[c]ontrary to the courts' interest in judicial economy and cooperative discovery, Samsung asks this Court to enter a protective order that would allow Samsung to withhold the production of the witness statements and interviews of the Employee Defendants and other Samsung employees until after the Employee Defendants have been deposed." Dkt. No. 104 at 1. According to All Pro, "Samsung takes this position even though many of their key allegations against All Pro are based on these statements and interviews" – "[i]n other words, Samsung would go into those

depositions, fully prepared with all available information, while All Pro would be completely unaware of what was said and what was asked during those interviews or statements, thus depriving All Pro of the ability to properly and adequately defend itself during these depositions." *Id.* "It would also prevent All Pro from taking meaningful depositions of the Employee Defendants" and would put "Samsung at a significant tactical advantage which is unfairly prejudicial to the rights of All Pro." *Id.* at 1-2.

All Pro argues that "Samsung has filed the [MPO] in order to gain a tactical advantage in this litigation," where "[t]here are currently six parties in this case, Plaintiff Samsung and Defendants Yang Kun "Michael" Chung, Thomas Porcarello, Yoon-Chul "Alex" Jang, Jin-Young Song, and All Pro" and where "All Pro is the only party who was not present for the investigations and employee interviews that preceded this suit." *Id.* at 3-4. "Thus, by withholding the statements and interviews, Samsung attempts to limit All Pro's knowledge of the serious allegations being made against All Pro to the factual allegations in Plaintiff's First Amended Complaint." *Id.* at 4. According to All Pro, "while Samsung seemingly relies on the results of its investigation, including information it claims to have gathered from the Employee Defendants and non-party Samsung employees, All Pro is left in the dark. Without these statements, All Pro cannot adequately formulate a defense or prepare for the Employee Defendants' upcoming depositions; All Pro's ability to conduct a thorough and proper deposition of Samsung would be equally frustrated." *id.* at 4-5.

According to All Pro, "Samsung's position, both with respect to the objections asserted in its discovery responses, and in furtherance of the Motion for Limited Protective Order, are without legal merit," where "Samsung has cited no legal authority for the position that the witness statements and recorded interviews can be withheld from All Pro." *Id.* at 2 (emphasis removed). "Importantly, the Employee Defendants are not seeking production of the statements and interviews. All Pro is making the request because the content of the statements and interviews is important to All Pro's defense, e.g., preparing for witness and party depositions, identifying responsible third parties, identifying additional affirmative defenses, and assessing whether additional motions are necessary." *Id.* at 7.

"To the contrary, there is ample legal authority to support All Pro's position that the withholding of these witness statements and recorded interviews is improper." *Id.* at 2. All Pro contends that, under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), All Pro is entitled to immediate production of the witness statements where "Samsung does not claim that the statements would be used solely for impeachment" and "has cited statements allegedly made during its investigation as the basis for the instant suit" and "concedes the statements also have substantive value." *Id.* at 7-8.

All Pro further asserts that Samsung's claim that "delayed production is warranted" is baseless because "all of the defendants are represented by separate counsel," such that, "[i]f the Employee Defendants want their own statements, they can request them from Samsung," and because "producing the Employee Defendants' statements to All Pro will not affect the testimony of the Employee Defendants." *Id.* at

8. All Pro suggests that, "[t]o the extent the Court finds merit in Samsung's concern about the Employee Defendants' access to their statements, the Court could require that the statements only be produced to All Pro," but All Pro contends that it "should not be prevented from preparing its defense and for upcoming depositions." *Id.* at 8-9.

And, All Pro contends, "[n]ot only is Plaintiff's motion contrary to the purpose of discovery, but also runs contrary to the principle of judicial economy, as these witnesses will almost certainly need to be deposed for a second time after their witness statements are produced." *Id.* at 2; *see also id.* at 9.

In any event, All Pro contends that "Samsung has failed to meet its burden – Samsung cannot demonstrate good cause. In fact, Samsung cannot cite to a single case in support of its request for delay. Nor can Samsung overcome All Pro's arguments in support of its Second MTC] or in response to the" MPO. *Id.* at 5. "Accordingly, the Court should deny Plaintiff's [MPO] and order the immediate production of all responsive documents." *Id.*

And, All Pro notes, in a footnote in its MPO, Samsung "also references 'recorded interviews of Samsung employees other than the Terminated Employees [Employee Defendants] in connection with Samsung's investigation' regarding the allegations in Samsung's lawsuit." *Id.* at 9 (quoting Dkt. No. 97 at 5 n.1). "Samsung seeks to withhold these statements as well because the interviews were mostly conducted in Korean, contain some information unrelated to the lawsuit, contain some confidential business information, and would have to be translated." *Id.* (emphasis removed). All Pro asserts that "Samsung has also failed to demonstrate good cause for why the additional

statements should be withheld" where it "admits the additional statements have value and has wholly failed to show how the request is not proportional to the needs of the case." *Id.* at 10. "Accordingly, All Pro is entitled to the production of these statements in order to determine whether any of the other Samsung employees' statements contradict those allegedly provided by the Employee Defendants and/or would otherwise bolster All Pro's defense." *Id.*

All Pro requests that the Court deny the MPO and "require the immediate production of the Employee Defendants' statements and witness interviews as well as all other employee statements from Samsung's investigation into the alleged conduct at the heart of this suit." *Id.* at 10.

In reply in support of its Second MTC, All Pro explains that, "[f]or nearly one year, All Pro has been engaged in a challenging pursuit to obtain information and documents from Plaintiff Samsung Electronics America, Inc. [] that will enable All Pro to comprehend the appalling claims Samsung has asserted against it in this suit." Dkt. No. 105 at 1. All Pro reports that "Samsung claims it acquired information to incriminate All Pro during a comprehensive audit investigation it conducted prior to filing this suit" and asserts that, "[g]iven the precise and detailed allegations set forth in Samsung's First Amended Complaint [], that purportedly support its causes of action, which All Pro's discovery requests specifically inquire, it is inconceivable that Samsung is incapable of expounding on its allegations in response to Interrogatories and unable to produce documents to support its factual assertions." *Id.* at 1-2. All Pro notes that, "[i] its Response to All Pro's Second Motion to Compel, Samsung suggests

that All Pro was not justified in filing its discovery motions and that this Second

Motion was not necessary," but, All Pro contends, "All Pro has been forced to take part

in a needless battle to get the responses and materials it has received from Samsung

to date and this Motion was absolutely necessary":

> Samsung produced its first set of documents to the parties in April
> 2016, four months after it filed its suit. This first production was
> uneventful as it consisted of one individual Defendant's 51-page
> employment file. By May 2016, Samsung produced approximately 800
> additional pages of documents that contained the contents of the other
> three individual Defendants' employment files, Samsung's employee
> handbooks, and contracts between Samsung and All Pro, amongst other
> non-implicating documents.
>
> All Pro was disappointed by Samsung's evasive and meager
> responses to its first set of discovery requests. As a result, All Pro reached
> out to Samsung's counsel to discuss the deficiencies of Samsung's
> responses. In May 2016, All Pro sent Samsung a detailed letter
> specifically identifying the discovery objections and assertions of privilege
> that All Pro believes are improper, as well as the discovery responses that
> All Pro believes are inadequate or non-responsive. After receiving no
> response to its letter, All Pro filed its first Motion to Compel on May 24,
> 2016 [Dkt. 42]. The Court encouraged the parties to work together to
> resolve the discovery disputes and the parties attempted to do so.
>
> Shortly after All Pro filed its first Motion to Compel, Samsung
> began producing documents that were relevant to its allegations against
> All Pro. The parties continued to engage in discussions to resolve the
> discovery issues. By the end of July 2016, Samsung had produced
> approximately 3,200 additional pages of documents. At the end of October
> 2016, Samsung produced approximately 9,500 pages of documents.
>
> Because many issues were still outstanding, on February 2, 2017,
> All Pro filed its Second Motion to Compel [Dkt. 85].

*Id.* at 2-3.

All Pro explains that, "[d]espite the numerous discovery disputes that remained,

All Pro received no additional information or documents from Samsung until February

23, 2017, the day of Samsung's extended deadline to file its Response to All Pro's

Second Motion," on which date "Samsung submitted amended discovery responses to All Pro and mailed nearly 12,000 pages of documents on a CD." *Id.* at 3.

"All Pro quickly reviewed the additional 12,000 pages of documents and amended discovery responses, and worked diligently to narrow the issues for the Court" and now withdraws from its Second MTC "the following issues:

- Interrogatory Nos. 4, 5, 8, 11;

- First Request for Production Nos. 10, 14, 18-21, 30, 45, 46, 51-55, 72, 82, 84, 86, 87, 88, 91, 96, 97;

- Second Request for Production Nos. 18, 24, 25, 26, 27; and

- Third Request for Production Nos. 13, 14, 18, 21.

*Id.*

All Pro contends that "[t]he discovery issues that remain in dispute and require Court intervention can be categorized into the following categories:

1. Samsung has improperly withheld key responsive documents and refuses to produce until after depositions have been taken. (First Request for Production Nos. 2-9, 11, 12, 13, 15, 19, 39-44, 48-51, 56-60, 60-71, 73, 80, 81; and Third Request for Production Nos. 1-12, 15, 17, 19, 20, 22-37, 39-41.)

2. Samsung has unreasonably limited the time and scope of its search for responsive documents. (First Request for Production Nos. 47, 85, 94; and Second Request for Production No. 23.)

-18-

3. Samsung has provided inadequate, insufficient, or incorrect responses.

(Interrogatory Nos. 1, 2, 6, 7, 9; First Request for Production Nos. 37, 47,

74-77; and Second Request for Production Nos. 22, 23, 28, 29, 30.)

*Id.* at 3-4.

"All Pro respectfully requests that the Court enter an order overruling Samsung's improper objections, compelling Samsung to amend [and] supplement its discovery responses to remove such objections, compelling Samsung to clarify whether it has produced responsive documents, to produce all non-privileged, responsive documents by a date certain, and compelling Samsung to provide complete discovery responses and produce non-privileged, responsive documents by a date certain." *Id.* at 7.

## Legal Standards

"Unless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: 'An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.'" *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d. 476, 507 (N.D. Tex. 2016) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); quoting FED. R. CIV. P. 34(b)(2)(C)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016). In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is

-20-

not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

And the Court has previously explained that "responding to interrogatories and document[] requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why"; "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 470 (N.D. Tex. 2015) (quoting *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted)).

Further, "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re*

*United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). "If a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses [that] failure." *Richmond v. SW Closeouts, Inc.*, No. 3:14-cv-4298-K, 2016 WL 3090672, at *5 (N.D. Tex. June 2, 2016); *accord Henderson v. Union Pac. R.R. Co.*, No. CV 15-0669, 2016 WL 5936889, at *2 (W.D. La. Oct. 11, 2016) ("Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34." (Citing *In re United States*, 864 F.2d at 1156)). And, even where the responding party has timely served some objections, this waiver extends to any grounds not stated in a timely objection. *See* FED. R. CIV. P. 34(b)(2)(B); *cf.* FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

A party who has objected to a discovery request then must, in response to a motion to compel, urge and argue in support of its objection to a request, and, if it does not, it waives the objection. *See OrchestrateHR*, 178 F. Supp. 3d at 507 (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

Federal Rules of Civil Procedure Rules 26(b) and 34 have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The amendments to Rules 26 and 34 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended, in resolving the Second MTC and the MPO is both just and practicable.

For the reasons the Court has previously explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr*, 312 F.R.D. at 463-69. Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent

of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Federal Rule of Civil Procedure 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is also subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge,

information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller*, 303 F.R.D. at 475-77, 493-95.

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

As amended, effective December 1, 2015, Federal Rule of Civil Procedure 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking

discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit recently explained that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation marks omitted); *see also id.* at 564

("Rule 26(d) gives [the] court wide discretion to craft flexible and nuanced terms of discovery." (footnote omitted)).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(B)-(C) further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially

justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

## Discussion

I.   Samsung's request to outright deny All Pro's Second MTC

As a threshold matter, Samsung argues that All Pro's Second MTC should be denied outright because it failed to meet its initial burden to prove its discovery requests are within the scope of discovery permitted by Rule 26(b)(1).

The Court disagrees with Samsung's understanding of the burden on a motion to compel.

As fully laid out above, contrary to Samsung's explanation, under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod*, 894 F.2d at 1485 (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (appeal involving denial of a motion to compel)). That is true on a Rule 37(a) motion to compel no less than on a 26(c) motion for a protective order. *See Merrill*, 227 F.R.D. at 477 n.1 ("Defendant argues that the *McLeod* case only addresses the parties' burdens with respect to motions for protective orders, and is therefore inapposite to the instant dispute. The

Court disagrees. In *McLeod*, the Fifth Circuit found that: (1) it was not an abuse of discretion for the trial court to find that the plaintiff's discovery requests were relevant, given that the defendant had failed to identify any specific reasons for their irrelevance; and (2) the defendant's request for a protective order was without merit. *See McLeod*, 894 F.2d at 1485.").

And the 2015 amendments to Rule 26 did not change this allocation of burdens. *See Carr*, 312 F.R.D. at 465-66 ("First, the Fifth Circuit's holding in *McLeod* requiring an objection by the resisting party was handed down in the face of then-existing Rule 26(b) provisions requiring a court, on a motion or on its own, to limit discovery based on some of the same so-called proportionality factors in amended Rule 26(b)(1). And the amendments do not change the essential text of Rule 26(c)(1), which the Fifth Circuit has interpreted to place the burden on the moving party to specifically show good cause and a specific need for protection. *See Terra Int'l*, 134 F.3d at 306; *Landry*, 901 F.2d at 435. Further, the textual amendments do not themselves suggest that, before discovery requests must be answered or objected to or before discovery can be compelled under Rule 37(a), the party seeking discovery must first come forward with evidence to show that it is seeking discovery 'that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'").

Rule 26(g)(1) does not impose on a party filing a motion to compel the burden to show relevance and proportionality in the first instance. Rather, by signing the discovery requests, the party serving discovery requests makes an affirmative certification that the requests are not unreasonable or unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If the requests nevertheless fall outside the Rule 26(b)(1) scope of discovery, the serving party may face Rule 26(g)(3) sanctions if it made the certification without substantial justification. *See* FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *Heller*, 303 F.R.D. at 475-77 ("Rule 26(g) is thus designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. Because of the asserted reluctance to impose sanctions on attorneys who abuse the discovery rules, Rule 26(g) makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it. But, even if an attorney violates Rule 26(g)(1), a court may not – on a party's motion or sua sponte – impose Rule 26(g)(3) sanctions unless the certification violated Rule 26(g)(1) without substantial justification. The United States Supreme Court has defined 'substantially justified' to mean justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person. 'Substantial justification' entails a reasonable basis in both law and fact, such that there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action]. Where Rule 26(g)(3) requires the Court to impose an appropriate sanction, [t]he nature of the sanction is a matter of judicial discretion to be exercised in light of the particular

circumstances. Although Rule 26(g)(3) sanctions are mandatory, Rule 26(g)(3)'s mandate ... extends only to whether a court must impose sanctions, not to which sanction it must impose." (citations, internal quotation marks, and emphasis omitted)).

The Court does believe that there are threshold requirements for a proper Rule 37(a) motion to compel: It "must include a certification that the movant has made a good faith effort to meet and confer regarding the specific discovery disputes at issue, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1; must attach a copy of the discovery requests at issue (such as Rule 34 requests for production or inspection, Rule 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena) and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining ... how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute." *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682-D, 2016 WL 1392332, at *7 (N.D. Tex. Apr. 8, 2016) (citing *See* FED. R. CIV. P. 7(b)(1); FED. R. CIV. P. 37(a); N.D. TEX. L. CIV. R. 5.2(3); N.D. TEX. L. CIV. R. 7.1).

Further, as explained above, the party seeking the discovery, to prevail on a motion to compel, may need to make its own showing of many or all of the proportionality factors. But Rule 26(b)(1) "'does not place on the party seeking

discovery the burden of addressing all proportionality considerations.'" *Carr*, 312 F.R.D. at 467 (quoting FED. R. CIV. P. 26, 2015 comm. note). While it is a good practice for a movant to explain the relevance and proportionality of its discovery requests, and while a failure to appropriately address Rule 26(b)(1) proportionality factors may be determinative in a proportionality analysis and result in the motion to compel being denied on its merits, *see id.* at 463-69, "'[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes," *id.* at 467 (quoting FED. R. CIV. P. 26, 2015 comm. note).

But the Court does not believe that, under Rules 26(b) and 26(g) and Fifth Circuit law, the burden to demonstrate why requested discovery should not be permitted shifts to a responding party only if and when the discovery's proponent first meets a threshold burden to prove that it is asking for documents within the scope permitted by Rule 26(b)(1). That is, the Court disagrees with statements in other district court decisions that, as part of a burden-shifting test, an initial burden lies with the party moving to compel to show clearly that (as Rule 26(b)(1) now provides) the information sought is relevant to any party's claim or defense and proportional to the needs of the case. *See, e.g., Spiegelberg Mfg., Inc. v. Hancock*, No. 3:07-cv-1314-G, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007); *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006); *see also Ashton v. Knight Transp., Inc.*, No. 3:09-cv-759-B, 2009 WL 4580801, at *1 (N.D. Tex. Dec. 4, 2009) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a

negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent." (internal quotation marks omitted)); *cf. Staton Holdings, Inc. v. Russell Athletic, Inc.*, No. 3:09-cv-419-D, 2010 WL 1372479 (N.D. Tex. Apr. 7, 2010).

II.     All Pro's First Request for Production Nos. 2-9, 11, 12, 13, 15, 19, 39-44, 48-51, 56-60, 60-71, 73, 80, and 81 and All Pro's Third Requests for Production Nos. <u>1-12, 15, 17, 19, 20, 22-37, and 39-41</u>

In its Second MTC, All Pro contends that Samsung must remove improper assertions of privilege in response to All Pro's First Request for Production Nos. 80 and 81 and All Pro's Third Requests for Production Nos. 1-12, 15, 17, 19, 20, 22-37, and 39-41 and cannot withhold materials until after depositions. All Pro reports that, "[i]nitially, Samsung refused to produce any materials that were related to or resulted from the audits and investigations, which 'gave rise to this litigation,' by asserting attorney-client and work product privileges with respect to these materials" but, "[w]hen All Pro argued that it would object to Samsung's future use of these materials to support its claims, Samsung eventually admitted that many of the materials are not privileged, yet stated it would not produce these highly relevant, non-privileged, responsive documents until after depositions have occurred." Dkt. No. 86 at 8-9.

Samsung responds that federal law permits the Court to delay production of witness statements until after depositions.

All Pro's reply makes clear that what remains at issue as to First Request for Production Nos. 2-9, 11, 12, 13, 15, 19, 39-44, 48-51, 56-60, 60-71, 73, 80, and 81 and All Pro's Third Requests for Production Nos. 1-12, 15, 17, 19, 20, 22-37, and 39-41 is

that "Samsung has improperly withheld key responsive documents and refuses to produce until after depositions have been taken." Dkt. No. 105 at 3. All Pro explains:

> Samsung conducted a comprehensive audit investigation in the fall of 2015, prior to filing this suit. As a result of the investigation, Samsung created and collected numerous documents and materials that are highly relevant to this suit and that Samsung intends to use as evidence in this case. These materials include witness statements, transcripts of witness interviews, recorded interrogations, reports, and collections of data that purportedly support the specific factual allegations Samsung has asserted in its Complaint. Significantly, the documents do not include any witness statements of All Pro.
>
> Many of All Pro's discovery requests at issue seek documents that support the verbatim allegations Samsung has set forth in specific paragraphs of its Complaint. Samsung has admitted these investigation materials are responsive to All Pro's First Request for Production Nos. 2-9, 11, 12, 13, 15, 19, 39-44, 48-51, 56-60, 60-71, 73, and 80-81 and Third Request for Production Nos. 1-12, 15, 17, 19, 20, 22-37, and 39-41 but refuse to produce them at this time. Not only are these documents responsive, but they appear to be the sole evidence Samsung has to support most of the essential elements of Samsung's causes of action against All Pro. Nevertheless, Samsung is refusing to produce them to All Pro.
>
> As fully set forth in All Pro's Response to Plaintiff's Opposed Motion for a Limited Protective Order, such gamesmanship in an effort to gain a tactical advantage in this litigation is improper. [Dkt. 104]. Moreover, Samsung's withholding of these documents runs contrary to the interest of judicial economy, the purpose of discovery, and legal authority.

Dkt. No. 105 at 4-5.

All Pro did not raise any issue as to its First Request for Production Nos. 2, 12, 13, 57, or 60 in its Second MTC, and it is too late to raise a new issue or argument for the first time in reply. *See Murillo Modular Grp., Ltd. v. Sullivan*, No. 3:13-cv-3020-M, 2016 WL 6565756, at *3 (N.D. Tex. Nov. 2, 2016); *Alvarez v. Aldi (Texas) LLC*, No. 3:13-cv-4122-L, 2014 WL 3557435, at *2 (N.D. Tex. July 17, 2014); *Allstate Ins. Co. v.*

*Interline Brands, Inc.*, 997 F. Supp. 2d 501, 505 (N.D. Tex. 2014); *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991).

As to the other requests at issue, Rule 26(a)(1) requires that, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" and "(ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment ." FED. R. CIV. P. 26(a)(1)(A)(i)-(ii).

Further, "[w]hile statements of a party obtained by the opposing party might be considered work product, [Federal Rule of Civil Procedure 26(b)(2)(C)] creates an exception to the protection generally provided for work-product material and gives a party an affirmative right to production of his own statements." *Miles*, 753 F.2d at 1351. Rule 26(b)(2)(C) provides that "[a]ny party or other person may, on request and without the required showing [under Federal Rule of Civil Procedure 26(b)(2)(A)], obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(b)(3)(C). "A previous statement is either:

(i) a written statement that the person has signed or otherwise adopted or approved; or (ii) a contemporaneous stenographic, mechanical, electrical, or other recording – or a transcription of it – that recites substantially verbatim the person's oral statement." *Id.* Under Rule 26(b)(3)(C), "a party's statement [is] discoverable as of right." *Miles*, 753 F.2d at 1351 (internal quotation marks and footnote omitted).

The Fifth Circuit has explained that Rule 26(b)(3)(C) is "mandatory, not discretionary," and that "[t]he right of a party to have his own statement ... is not diminished when the district court suspects duplicity. The rule does not bend to the discretion of the trial court. It allows no room for the weighing of pros and cons, although the court has some latitude in determining the time when the statements must be produced; the court may permit, for example, the party's deposition to be taken first." *Miles*, 753 F.2d at 1351 (footnote omitted). The Court of Appeals noted that the Advisory Committee Note to Rule 26(b) explains that "[i]n appropriate cases the court may order a party to be deposed before his statement is produced, ... because there is a legitimate interest in receiving a version of the party's testimony which has not been tailored to conform to an earlier statement." *Id.* at 1351 n.3 (internal quotation marks omitted).

The Court is persuaded by another court's analysis of this exception that "a plain reading of the Federal Rules indicates that a witness does not have to exhibit good cause to obtain their own previous statements prior to deposition"; that "[a] party or non-party has a right to inspect their previous statements regarding the incident in question prior to deposition"; that "witnesses are entitled to obtain a copy of their

statement prior to their deposition, unless good cause is shown"; and that "[t]he burden is on the moving party to show good cause for delaying the production of a witness' previous statement until after their deposition." *Bertucci Contracting Co., L.L.C. v. M/V JULIE MARIE*, Civ. A. No. 11-1328, 2013 WL 592889, at *1, *2 (E.D. La. Feb. 14, 2013).

While, "[i]n limited situations, a court may issue protective orders to delay the production of a witness' statement until after their deposition," "such an order is appropriate only when the moving party makes a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements," and "the burden is placed on the withholding party to provide particular reasons for seeking the deposition prior to their production of the statement." *Id.* at *2 (internal quotation marks omitted). "[C]ourts may only grant protective orders, which delay the production of a witnesses' statement until after their deposition, when the moving party has demonstrated good cause." *Id.* (internal quotation marks omitted). Thus,

> Fifth Circuit case law and the applicable Federal Rules of Civil Procedure clearly and unambiguously require the production of a party's prior statements ... before that party's deposition, when those materials have been requested in discovery and in the absence of a showing of good cause of the specific and particularized type required in *In re Terra*. Concerning a party's statements, *see Vinet v. F & L Marine Management, Inc.*, 2004 WL 3312007 (E.D. La. April 29, 2004) (citing, among other things, Fed. R. Civ. P. 26(b)(3) and *Miles v. M/V Mississippi Queen*, 753 F.2d 1349, 1350-53, (5th Cir. 1985) (Judge Rubin explaining in *Miles* that the Rule 26(b)(3) requirement that a party's statement be produced upon request is "mandatory, not discretionary," that this "court's refusal to order production of the [plaintiff's] statements was erroneous," and that "[a] rule intended to prevent trial by ambush and to further adequate pretrial preparation has been violated.... A district court's failure to abide by the literal dictate of the rule is clearly error and we so hold.") (emphasis

added)), *Baggs v. Highland Towing,* L.L.C., 1999 WL 539459 (E.D. La. July 22, 1999). .... To permit plaintiff to withhold these materials from discovery would be contrary to the binding authorities cited above and would unnecessarily risk reversal. Other judges of this court, including the presiding district judge in this case, have repeatedly avoided the error plaintiff's position risks by requiring production of a party's statements ... upon request and before the party is deposed.

*Greater New Orleans Fair Housing Action Ctr., Inc. v. Ditta*, Civ. A. No. 13-511, 2013 WL 5797728, at *2 (E.D. La. Oct. 28, 2013) (emphasis removed).

Here, as Song and All Pro have both persuasively explained, Samsung has not shown good cause to withhold production of witness statements, transcripts of witness interviews, and recorded interrogations – either from the defendants who actually made the statements and were the subject of the interviews or from the other defendants, including All Pro – until after depositions are taken. The relevance of this discovery and its proportionality to the needs of the case is not in dispute. Both as to the defendants who are entitled to production under Rule 26(b)(3) and as to All Pro, which has properly requested these materials under Rule 34, Samsung "has failed to articulate why this circumstance demonstrates that [these witnesses] would not testify truthfully or would testify truthfully only because of the threat that [their] prior statements might contradict [them]," and, despite its burden under Rule 26(c)(1), Samsung "has provided the Court with no reason, other than a mere suspicion, that providing [All Pro and the Employee Defendants] with [the witnesses' statements], which [the witnesses are each] entitled to under our Federal Rules, will result in anything other than honest testimony." *Hill v. Hornbeck Offshore Servs., LLC*, Civ. A. No. 10-2121, 2011 WL 2550510, at *4 (E.D. La. June 27, 2011).

-39-

At oral argument, Samsung's counsel relied heavily on the reasoning in *Gerber v. Down East Community Hospital*, 266 F.R.D. 29, 33-34 (D. Me. 2010), but the discussion there involved e-mail correspondence with potential witnesses, which the resisting party asserted was protected from disclosure as attorney work-product. Samsung is not claiming work-product protection over the witness statements, transcripts of witness interviews, and recorded interrogations at issue here.

Because Samsung has not provided suitable good cause basis for delaying the production of the statements, All Pro's Second MTC will be granted as to the witness statements, transcripts of witness interviews, and recorded interrogations responsive to All Pro's First Request for Production Nos. 3-9, 11, 15, 19, 39-44, 48-51, 56, 58, 59, 61-71, 73, 80, and 81 and All Pro's Third Requests for Production Nos. 1-12, 15, 17, 19, 20, 22-37, and 39-41, and Samsung's MPO will be denied as to these materials, which must be produced by **March 17, 2017**.

Likewise, the Court determines that Samsung has not met its burden to support a protective order against production of recorded interviews of Samsung employees other than the Terminated Employees that are responsive to some or all of All Pro's First Request for Production Nos. 3-9, 11, 15, 19, 39-44, 48-51, 56, 58, 59, 61-71, 73, 80, and 81 and All Pro's Third Requests for Production Nos. 1-12, 15, 17, 19, 20, 22-37, and 39-41. Although Samsung contends, without more, that those interviews may cover matters in addition to the subject matter of Samsung's allegations in this case and would be burdensome to produce because they were conducted in Korean, Samsung has not made the required particular and specific demonstration of fact to show that

production of these interviews, which it admits include responsive and relevant material, would be unduly burdensome or expensive or oppressive by submitting affidavits or offering evidence revealing the extent of the burden. All Pro's Second MTC will be granted and Samsung's MPO denied as to these recorded interviews of non-party Samsung employees, which must be produced by **March 21, 2017**.

But Samsung has withheld related reports and legal memoranda, interview notes, and collections of data, including summaries and findings, and listed these documents on its privilege log as protected work product or privileged communication, *see* Dkt. No. 97-1, and All Pro has not specifically addressed that assertion of protection. Based on the showing that Samsung has made through its privilege log as to those documents, the Court will deny All Pro's Second MTC and grant Samsung's MPO as to the documents logged on Samsung's privilege log.

III.   All Pro's First Request for Production Nos. 3-9, 11, 15, 18-21, 30, 37, 39, 40-54, 55, 56, 58, 59, 73-77, 82, 84, 85, 86, 87-88, 94, 96 and 97, All Pro's Second Requests for Production Nos. 18 and 22-30, and All Pro's Interrogatory Nos. 1, <u>2, 6, 7, and 9</u>

All Pro contends that Samsung's overbreadth, burdensomeness, relevance, and disproportionality objections to All Pro's First Request for Production Nos. 18-21, 46, 47, 51-53, 55, 58, 59, 82, 84, 85, 86, 94, and 96 must be overruled and that Samsung's overbreadth, burdensomeness, and scope objections to All Pro's Second Requests for Production Nos. 18 and 22-30 must be overruled. All Pro reports that, "[i]n response to these requests, Samsung has asserted over-breadth and burdensomeness objections, and stated that the requests exceed the 'relevant scope of this litigation,' which

-41-

Samsung has narrowly defined to suit its own purposes." Dkt. No. 86 at 10. All Pro

contends that "Samsung has failed to demonstrate that the above requests are in fact

overly broad or unduly burdensome"; that "Samsung's narrow definition of relevance

ignores that it has made sweeping claims against All Pro and the Employee

Defendants, which charge, among other things, that All Pro and the Employee

Defendants engaged in a conspiracy to rig auctions conducted by Samsung, and that

All Pro improperly received advanced knowledge and trade secrets"; and that,

"[d]espite these broad and sweeping allegations, Samsung seeks to hamstring All Pro's

defense of these claims by narrowly defining what is relevant for discovery purposes

and claiming that the requests are disproportional to Samsung's multi-million dollar

claim." *Id.* at 10-11.

Samsung responds that these objections are grounded in law and fact.

In its Second MTC, All Pro also contends that Samsung's responses to All Pro's

First Request for Production Nos. 3-9, 11, 15, 19, 21, 30, 37, 39-54, 56, 58-59, 73-77,

87-88, and 97 fail to explain whether responsive documents exist, whether it has

produced responsive documents, and whether any non-privileged documents have been

withheld. Samsung responds that it has amended its discovery response to more

clearly identify whether documents have been produced or are being withheld.

And, in its Second MTC, All Pro contends that Samsung's objections to

Interrogatory No. 1 are improper and its answer is incomplete; that Samsung's

objections to Interrogatory No. 2 are improper as All Pro is entitled to the requested

information; that Samsung's answers to Interrogatory Nos. 5, 6, 7, and 8 are

incomplete; and that Samsung's objections to Interrogatory No. 9 are improper and its answer is incomplete. Samsung contends that its objections and answers are proper.

In its reply, All Pro withdrew its Second MTC as to All Pro's First Requests for Production Nos. 18-21, 30, 45, 46, 51-55, 82, 84, 86-88, 96, and 97 and All Pro's Second Requests for Production Nos. 18, 24, 25, 26, and 27 and to its Interrogatory Nos. 5 and 8 and no longer presses its Second MTC as to its First Request for Production Nos. 58 and 59.

A.     Whether Samsung has unreasonably limited the time and scope of its search for responsive documents.

In its reply, All Pro asserts that "Samsung has unreasonably limited the time and scope of its search for responsive documents in response to All Pro's First Request for Production Nos. 47, 85, 94; and its Second Request for Production No. 23" and that "Samsung's narrow definition of the scope of relevant discovery for this case, and its unwillingness to engage in a broader search for documents, disregards the sweeping claims it has made against All Pro and the Employee Defendants, and the grave consequences of those allegations." Dkt. No. 105 at 5. According to All Pro, "Samsung alleges that Defendants engaged in a conspiracy to provide All Pro with free products, to rig Samsung's auctions, to sell All Pro products that are prohibited from sale, and provide All Pro with trade secrets, among other acts," but "Samsung seeks to hamstring All Pro's defense of these claims by narrowly defining what is relevant for discovery purposes and claiming that the requests are disproportional to Samsung's

multi-million dollar claim." *Id.* "All Pro asks the Court to broaden Samsung's defined scope of discovery so that justice may be done." *Id.* at 5-6.

During the course of oral argument as to All Pro's First Request for Production Nos. 47, 85, and 94 and Second Request for Production No. 23, All Pro's and Samsung's counsel confirmed that they last met in person to confer on discovery issues in July 2016 and that All Pro's counsel had offered possible search terms and custodians to resolve these remaining issues as recently as March 5, 2017.

But All Pro's Second MTC does not specifically address (other than to list them by number) its First Request for Production Nos. 85 and 94, and All Pro's reply likewise provides no specific discussion as to each of its First Request for Production Nos. 47, 85, and 94 and Second Request for Production No. 23. Although the Court does not believe that, under Fifth Circuit law, an initial burden lies with the party moving to compel, as part of a burden-shifting test, to show clearly that the information sought is relevant to any party's claim or defense and proportional to the needs of the case, a movant has a burden to specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including explaining ... how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request. Further, where the resisting party raises objections to a request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Rule 26(b)(1) and explains its objections, including by pressing and supporting it in response to a motion to compel, the party seeking the discovery and moving to compel must respond with some specificity. All Pro has not

-44-

done so as to its First Request for Production Nos. 85 and 94, and its counsel's explanations and argument presented for the first time at oral argument come too late. The Court DENIES the Second Motion to Compel as to All Pro's First Request for Production Nos. 85 and 94.

As to All Pro's First Request for Production Nos. 47 and Second Request for Production No. 23, the Court determines that All Pro has minimally met its burden to brief the alleged deficiencies as to these two requests. But, with the benefit of proposals and explanations that All Pro's counsel provided for the first time on the eve of and during oral argument, the Court will require All Pro's counsel and Samsung's counsel to meet and confer to attempt to reach an agreement on Samsung's responses to All Pro's First Request for Production Nos. 47 and Second Request for Production No. 23 and to, by **March 21, 2017**, file a joint status report that specifies (a) the names of the attorneys who participated in the conference; (b) the date that the conference was held and the amount of time during which the parties conferred; (c) the matters that were resolved by agreement; (d) the specific matters that need to be determined by the Court; and (e) a detailed explanation of why agreement could not be reached as to those matters.

B.    Whether Samsung has provided inadequate, insufficient, or incorrect responses.

As to All Pro's First Requests for Production Nos. 37, 47, and 74-77 and All Pro's Second Requests for Production Nos. 22, 23, 28, 29, and 30 and All Pro's Interrogatory Nos. 1, 2, 6, 7, and 9, All Pro's reply contends that, "[d]espite several attempts to

resolve the issues All Pro raised in its Motion related to Samsung's inadequate, insufficient and/or incorrect discovery responses, Samsung has refused to provide clear and complete responses" to these requests. Dkt. No. 105 at 6. All Pro specifically contends that "Samsung's responses fail to comply with the Federal Rules of Civil Procedure as they leave All Pro uncertain as to whether Samsung has adequately responded to its requests." *Id*.

According to All Pro, "[b]ecause Samsung has failed to inform All Pro whether it has in fact produced any documents in response to certain requests and failed to state whether any materials have been withheld subject to its objections, All Pro has not been able to make an informed decision as to the sufficiency of Samsung's responses," where "Samsung's responses leave All Pro to guess at whether it has or will receive any responsive documents, and whether Samsung has produced all non-privileged, responsive documents in Samsung's possession." *Id*. All Pro argues that "[t]his uncertainty makes it impracticable to move forward with discovery by scheduling depositions." *Id*.

All Pro asserts that "Samsung cannot indefinitely continue to produce documents responsive to All Pro's discovery requests" and that, "[u]nless and until Samsung provides a date certain for its production to be completed, and unless and until it amends its written discovery responses to clarify whether or not all non-privileged, responsive documents in its possession have been produced, All Pro cannot determine whether the question has been fully answered or not." *Id*. "All Pro respectfully requests that the Court order Samsung to amend its discovery responses

to clarify whether any responsive documents exist, whether it has produced any responsive documents, whether it has withheld any documents, and order Samsung to produce all non-privileged, responsive documents by a date certain." *Id.* at 6-7.

At oral argument, Samsung responded that it has provided complete responses to these document requests and has answered as fully as it can the interrogatories at issue.

But, although Samsung's counsel protested at oral argument that amending its second amended answers to All Pro's Interrogatory Nos. 1, 2, 6, 7, and 9 is not a good use of time, the Court determines that Samsung must amend or supplement its answers to these five interrogatories, by **March 17, 2017**, to specifically address everything asked of it by each interrogatory and specifically state, under oath, that it does not have any further responsive information as this time.

All Pro's First Request for Production No. 47 and Second Request for Production Nos. 23 have been addressed above.

As to All Pro's First Requests for Production Nos. 37 and 74-77 and All Pro's Second Requests for Production Nos. 28 and 29, Samsung is ORDERED to, by **March 17, 2017**, amend or supplement its second amended responses to specify whether any responsive documents have been produced and – if it is not already complete – when Samsung's production of documents responsive to each of these requests will be substantially complete, subject to Samsung's supplementation obligations under Federal Rule of Civil Procedure 26(e).

As to All Pro's Second Requests for Production Nos. 22 and 30, All Pro's Second MTC and reply fail to meet All Pro's briefing obligations to explain how Samsung's second amended responses to these requests are inadequate or insufficient or the basis on which the Court could compel a different response under Rule 37(a) based on All Pro's assertion that a response is incorrect.

The Court accordingly GRANTS the Second MTC as to All Pro's First Requests for Production Nos. 37 and 74-77, Second Requests for Production Nos. 28 and 29, and Interrogatory Nos. 1, 2, 6, 7, and 9 to the extent explained above and DENIES the Second MTC as to All Pro's Second Requests for Production Nos. 22 and 30.

IV.   All Pro's First Request for Production Nos. 61-73

All Pro contends that Samsung's objections that requests "call for a legal conclusion" in response to All Pro's First Request for Production Nos. 61-73 should be overruled. Samsung responds that it has withdrawn these objections. In its reply, All Pro withdrew its Second MTC as to All Pro's First Requests for Production No. 72 and no longer presses its Second MTC as to these objections to All Pro's First Requests for Production Nos. 61-71 and 73.

V.   All Pro's Third Requests for Production Nos. 13 and 14

All Pro contends that Samsung's objections of overbreadth, burdensomeness, and disproportionality to All Pro's Third Requests for Production Nos. 13 and 14 must be overruled. Samsung responds that it has withdrawn its objections to these requests. In its reply, All Pro withdrew its Second MTC as to All Pro's Third Requests for Production Nos. 13 and 14.

VI.   All Pro's Third Requests for Production Nos. 1-9, 13-14, 18, 25-32, 35-37, and <u>39-40</u>

All Pro contends that Samsung's objections to All Pro's Third Requests for Production Nos. 1-9, 13-14, 18, 25-32, 35-37, and 39-40 that the documents are "equally available" to defendants should be overruled. Samsung responds that it has withdrawn all "equally available" objections. Dkt. No. 86 at 16. In its reply, All Pro withdrew its Second MTC as to All Pro's Third Requests for Production Nos. 13, 14, and 18 and no longer presses its Second MTC on this basis as to All Pro's Third Requests for Production Nos. 1-9, 25-32, 35-37, and 39-40.

VII.   <u>All Pro's Third Request for Production No. 21</u>

All Pro contends that Samsung must remove its unfounded assertion of privilege in response to All Pro's Third Requests for Production No. 21. Samsung responds that it has not redacted any portion of the substance of the email responsive to this request. In its reply, All Pro withdrew its Second MTC as to All Pro's Third Requests for Production No. 21.

VIII.   <u>All Pro's Interrogatory Nos. 4 and 11</u>

All Pro contends that Samsung's objections to Interrogatory No. 4 are improper and its answer is incomplete and that Samsung's objections to Interrogatory No. 11 are improper. Samsung contends that its objections and answers are proper. In its reply, All Pro withdrew its Second MTC as to Interrogatory Nos. 4 and 11.

IX.    Award of expenses

Considering all of the circumstances here and the Court's ruling above, the parties will bear their own expenses, including attorneys' fees, in connection with the Second MTC and the MPO.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part All Pro's Second MTC [Dkt. No. 85] and GRANTS in part and DENIES in part Samsung's MPO [Dkt. No. 97].

SO ORDERED.

DATED: March 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE