IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Plaintiff, | § § § | |
| V. | § § | |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL "ALEX" JANG, JIN-YOUNG SONG, ALL PRO DISTRIBUTING, INC., | § § § § § § § | Civil Action No. 3:15-cv-04108-D |
| Defendants. | § | |

**DEFENDANT ALL PRO DISTRIBUTING, INC.'S REPLY BRIEF IN SUPPORT OF ITS COMBINED MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COUNTERCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND FILE THIRD PARTY COMPLAINT AGAINST CVE TECHNOLOGY GROUP, INC.**

Defendant All Pro Distributing, Inc. ("All Pro") submits this *Reply Brief in Support of Its Combined Motion for Leave to File Its First Amended Counterclaim to Plaintiff's Second Amended Complaint and File Third Party Complaint Against CVE Technology Group, Inc.* ("Combined Motion"), and respectfully shows the Court the following:

**I.
INTRODUCTION**

Without any support for its contentions, Plaintiff Samsung claims that All Pro's *Combined Motion* should be denied because: (1) Samsung's original complaint was filed more than one year ago; (2) Samsung believes All Pro did not spend *enough* time in its original motion [Dkt. 120] discussing the reasons for its *Combined Motion*; and (3) Samsung takes issue with the manner in which the new proposed counterclaims have been pleaded. However, Samsung's

opposition ignores several key facts. As discussed more fully below, All Pro's *Combined Motion* is clearly supported by the facts and law.

## II.
## ARGUMENTS AND AUTHORITIES

### A.   WHETHER TO GRANT LEAVE TO AMEND IS IN THE COURT'S DISCRETION:

It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). However, "The court should freely grant leave when justice so requires." *Connect Insured Telecom, Inc. v. Qwest Long Distance, Inc*., No. 3:10-CV-1897-D, 2011 WL 445000, at *1 (N.D. Tex. Feb. 8, 2011) (Fitzwater, J.) (citing FED. R. CIV. P. 15(a)).

### B.   ALL PRO'S COMBINED MOTION FOR LEAVE IS TIMELY:

When a party files a motion for leave to amend by the court-ordered deadline, as All Pro has, there is a "presumption of timeliness." *Connect Insured Telecom, Inc.*, 2011 WL 445000, at *1 (citing *Poly–Am., Inc. v. Serrot Int'l Inc*., 2002 WL 206454, at *1 (N.D. Tex. Feb.7, 2002) (Fitzwater, J.)). If there is any perceived delay, "A party's delay in asserting a claim is grounds for denying leave to amend only if the delay is unreasonable." *Ericsson Inc. v. Harris Corp*., No. CIVA3:98CV2903D, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999) (citing *Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139–40 (5th Cir. 1993)). However, a delay only rises to the level of unreasonableness if, *inter alia*, the party failed to assert the claim for an extended amount of time after learning of facts supporting the claim. *See In re Southmark Corp*., 88 F.3d 311, 316 (5th Cir. 1996).

Here, the deadline to file motions for leave to amend is June 14, 2017. [Dkt. 115]. Therefore, the motion is timely. Moreover, All Pro did not learn of certain facts supporting its

proposed counterclaims until March 2017. Accordingly, All Pro did not unreasonably delay the filing of its *Combined Motion*.

### 1.   The Parties Filed Agreed Motions To Extend The Deadline To Amend:

All Pro's *Combined Motion* is timely. As noted above, the deadline to amend pleadings and/or join additional parties is June 14, 2017. Not only is Samsung aware of this deadline, it requested it. In fact, Samsung has either requested or agreed to requests to amend the parties' deadlines on several occasions:

- On **March 7, 2016**, the parties filed a *Joint Scheduling Order* [Dkt. 29] which listed September 29, 2016, as the deadline to amend pleadings and/or join other parties. The Court granted the parties' motion and entered a *Scheduling Order* [Dkt. 31] which listed September 29, 2016 as the deadline to amend pleadings or join other parties;

- Several months later, on **September 23, 2016**, Samsung filed a *Motion to Extend Deadline for All Parties to File Motions for Leave to Amend Pleadings or Joinder of Parties*. [Dkt. 68]. Specifically, Samsung sought to extend the deadline from September 29, 2016 to November 18, 2016. *Id.* All Pro was opposed. *Id.* However, on **October 19, 2016**, the Court granted Samsung's motion, extending the deadline to amend or join parties as requested. [Dkt. 71].

- On **November 16, 2016**, All Pro filed a *Motion to Extend Deadline for All Parties to File Motions for Leave to Amend Pleadings or Joinder of Parties* [Dkt. 76], which sought to extend the parties' deadline to December 19, 2016, because All Pro's *Motion to Dismiss Plaintiff's First Amended Complaint* was pending and the parties were in the midst of discovery. Samsung was unopposed.

- As of **December 28, 2016**, the Court had not ruled on All Pro's *Motion to Extend* [Dkt. 76], so All Pro and Samsung filed a *Joint Motion to Extend Deadline for All Parties to File Motions for Leave to Amend Pleadings or Joinder of Parties* [Dkt. 80]. The motion sought to extend the deadline to file motions for leave to amend pleadings or joinder of parties until **at least 30 days after** the Court ruled on All Pro's motion to dismiss. *Id.* The next day, on December 29, 2016, the Court granted the parties' motion. [Dkt. 81].

- More recently, on **March 16, 2017**, the parties filed an *Agreed Motion to Enter Amended Scheduling Order* [Dkt. 114]. Because the Court ruled on All Pro's motion to dismiss on February 16, 2017, by operation of the previous order [Dkt. 81], the parties' deadline to file a motion for leave to amend or join other parties was set for the very same day, March 16, 2017. *See id.* However, the parties requested that both deadlines be extended to June 14, 2017. *Id.* As indicated in the motion's *Certificate of*

*Conference*, the motion was initiated by Samsung. *Id.* The Court granted the parties' motion and extended the deadline to **June 14, 2017**. [Dkt. 115].

For Samsung to now claim that All Pro's *timely* motion for leave to amend was filed in bad faith is both meritless and directly contrary to the facts. Moreover, as discussed below, All Pro did not learn of the facts underlying the proposed counterclaims until recently.

### 2. *Samsung Did Not Provide Certain Information Regarding CVE Until February 2017*:

Plaintiff's complaints have been so poorly pled that Defendant All Pro has filed two separate motions to dismiss under Rule 12(b)(6). [Dkts. 25 and 57]. Moreover, because of the deficiencies in Plaintiff's complaints, All Pro did not know the alleged bases for Plaintiff's claims against it for nearly one year. For example, Plaintiff previously alleged "All Pro, Chung, Porcarello, and a third party engaged in a brazen scheme to (1) wrongfully acquire Samsung parts; (2) assemble the parts into counterfeit phones; and (3) sell them in the market." [Dkt. 47 at ¶ 34]. While Samsung identified CVE by name in May 2016 (see Exhibit A), it did not provide substantive information about CVE and/or its relationship with Samsung at that time.

All Pro first served Samsung with interrogatories requesting information about the alleged "third parties" on April 4, 2016. (See Exhibit B, attached hereto). While Samsung served objections and responses on May 5, 2016, the responses were lacking any detail.[1] Samsung later

---

[1] In its *Objections and Answers to Defendant All Pro Distributing, Inc.'s First Set of Interrogatories*, Samsung did not provide complete answers to interrogatories requesting information about third parties. For example:

**INTERROGATORY NO. 5:**

Identify all recipients of the "build kits," as referenced in Paragraphs 31 and 33 of Plaintiff's Original Complaint, during the period of 2011-2015, including in your response the contact information for each recipient.

**ANSWER:**

Upon information and belief, the following entities received the "build kits"

CVE

TDI

*See* Exhibit A.

amended its responses, but the answers were still incomplete; and, on February 2, 2017, All Pro filed its *Second Motion to Compel Plaintiff to Withdraw Improper Objections and Respond Fully to Written Discovery* and *Brief in Support* [Dkts. 85 and 86]. All Pro's *Second Motion to Compel* specifically challenged Samsung's responses to certain interrogatories, including Interrogatory Nos. 6 and 7, which sought information about the alleged third parties.

On March 7, 2017, the Court ordered Samsung to amend or supplement its answers to the interrogatories at issue by March 17, 2017. [Dkt. 107 at p. 47]. Thus, All Pro finally received additional information about Samsung's allegations relating to CVE in Samsung's *Third Amended Objections and Answers to Interrogatory Nos. 1, 2, 6, 7, and 9 of Defendant All Pro Distributing, Inc.'s First Set of Interrogatories* (Exhibit C):

> **INTERROGATORY NO. 6**
>
> Identify the third parties who you contend constructed or assembled the counterfeit devices that Samsung alleges All Pro obtained, including in your response, the contact information for the assembler, the location of assembly, the dates of the assembly, the names of the items that were assembled, the number of items assembled, and whether the assembler was a Samsung authorized service center or Samsung authorized repair facility.
>
> **ANSWER (in relevant part):**
>
> Samsung notes that discovery is ongoing, and that Samsung has yet to obtain any deposition testimony.
>
> The third parties that Samsung contends constructed or assembled the counterfeit devices are listed below:
>
> CVE Technology Group, Inc. ("CVE"), 3000 E. Plano Parkway, Plano, Texas 75074 (972) 424-6606.
>
> CVE was an authorized repair facility in connection with certain Samsung products. CVE build kits were sent to the facility located at 3000 E. Plano Parkway, Plano, Texas 75074, attention Jin Kang.

**INTERROGATORY NO. 7**

Identify the individuals or companies who allegedly sold the counterfeit devices to All Pro, including in your response, the contact information for the seller, the dates of the sales, the names of the devices sold, and the number of devices sold.

**ANSWER (in relevant part):**

Samsung notes that discovery is ongoing, and that Samsung has yet to obtain any deposition testimony.

Upon information and belief, Samsung lists the following entity that sold the counterfeit devices:

CVE Technology Group, Inc. ("CVE"), 3000 E. Plano Parkway, Plano, Texas 75074 (972-424-6606).

*Id.*

As stated in All Pro's *Combined Motion for Leave* and the proposed counterclaims, the new causes of action that All Pro seeks to file against Plaintiff are inextricably tied to Samsung's recent identification of CVE as an alleged offending third party. [See, e.g., Dkt. 120 at ¶ 14 and Dkt. 120-2 at ¶¶ 28-29]. Now that All Pro knows Plaintiff's allegations stem from purchases All Pro made from CVE — at Samsung's instruction — Samsung's representations about Samsung's relationship with CVE and CVE's status as an authorized repair facility are material. [See generally, Dkt. 120-2 at ¶¶ 27-50].

C.   **ALL PRO'S FRAUD CLAIMS AGAINST SAMSUNG HAVE BEEN PROPERLY PLED:**

All Pro seeks to add three counterclaims against Samsung: fraudulent misrepresentation, fraudulent nondisclosure and negligent misrepresentation. [See generally, Dkt. 120-2 at ¶¶ 27-50]. Samsung claims that All Pro's proposed counterclaims are not properly pled. However, Rule 9(b) only requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *TXI Operations, LP v. Pittsburgy & Midway Coal Mining Co.*, No. CIV.3:04-CV-1146-H, 2004 WL 2088867, at *1 (N.D. Tex. Sept. 8, 2004) (citing *See*

*Haber Oil Co. v. Swinehart*, 12 F.3d 426, 439 (5th Cir. 1994)). Furthermore, All Pro's proposed pleading satisfies the requirements of courts in this Circuit because the proposed counterclaims clearly place Samsung on notice regarding the nature and grounds of All Pro's fraud and negligent misrepresentation claims against Samsung. *See Hernandez v. U.S. Bank, N.A.*, No. 3:13-CV-2164-O, 2014 WL 3545761, at *9 (N.D. Tex. July 17, 2014) (finding pleading sufficient because defendant was given sufficient notice of plaintiff's fraud claims even where the levels of specificity differed within plaintiffs' allegations) (citing *Fankhauser v. Fannie Mae*, No. 4:10–cv–274, 2011WL 1630193, at*6 (E.D. Tex. Mar. 30, 2011). Furthermore, the Fifth Circuit has also stated that the "time, place, contents, and identity standard is not a straitjacket for Rule 9(b)," concluding that Rule 9(b) is context-specific and flexible. *See Simms v. Jones*, No. 3:11-CV-0248-M, 2011 WL 5978594, at *3 (N.D. Tex. Nov. 30, 2011) (citing *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009)) ("However, we have acknowledged that "Rule 9(b)'s ultimate meaning is context-specific,"[2] and thus there is no single construction of Rule 9(b) that applies in all contexts. Depending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand.")

As pled in All Pro's proposed *First Amended Counterclaim*, the "who, what, when and where" of Samsung's fraudulent statements and misrepresentations are clear. For example:

> ➢ In or about **February 2009**, All Pro met with **Lynn Bond, Vice President/GM of Samsung's Service and Operations Divisions**, **at the Reverse Logistics Association tradeshow**. Mr. Bond informed All Pro that Samsung was looking for a company to purchase its excess and obsolete inventory instead of paying third party companies to scrap and dispose of the inventory. [Dkt. 120-2 at ¶ 6].

---

[2] *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 178 (5th Cir.1997).

- Upon information and belief, **in or about mid-2010**, **Samsung's Service Division** had the same problem of excess and obsolete inventory the Accessory Division experienced and needed an outlet to dispose of the same. As a result of All Pro's exceptional purchase and sale record, and its stellar reputation at Samsung, All Pro developed a relationship with the Service Division. *Id.* at ¶ 11.

- While All Pro was successful at selling Samsung's various obsolete and/or excess products, it also purchased then-current Samsung products. **Samsung, however, manipulated the relationship with All Pro demanding on multiple occasions that because All Pro was successful at acquiring and disposing of unwanted products, it would need to purchase and timely receive even more unwanted products** if All Pro wanted to have the ability to purchase "regular" products. **These demands were primarily made by upper level management at Samsung**. . . *Id.* at ¶ 12.

- **Approximately 8 months after All Pro started working with the Service Division**, Samsung introduced the OCTA (the touch screen part of devices) for the Samsung i500 Galaxy S. As an authorized and valued distributor of Samsung products, **All Pro was offered to purchase OCTAs**, and purchased and sold many OCTAs, before any of the Employee Defendants were hired by Samsung. . . All Pro is further informed and believes, and based thereon alleges, that the **Service Division management requested that All Pro contact small repair stores and kiosks in the U.S. and arrange to supply OCTAs to them to stop the usage of counterfeit OCTAs**. . . *Id.* at ¶ 17.

- Notably, beginning in early 2011, and continuing through the following years, Samsung sold All Pro and other authorized distributors hundreds of thousands of OCTAs at regular, discounted and bundle pricing, as well as t**hrough the excess and auction program**. Each of these purchase and sale transactions proceeded through the same Samsung Approval Process, with **all transactions being approved by management in the Business Control and Finance Department through the SAP**. All Pro is informed and believes, and based thereon alleges, that Samsung sold OCTAs to third parties, like All Pro, during this time and that Samsung continues to sell OCTAs to other distributors to this day. *Id.* at ¶ 18.

- All Pro is informed and believes, and based thereon alleges, that **CVE operates the largest authorized Samsung Private Service Center in the United States** with approximately 800 individuals and providing warranty repairs for Samsung and its devices sold by T-Mobile and AT&T, and that **CVE possessed all of the equipment and technology needed to assemble mobile devices according to Samsung's allegedly rigorous conditions and specifications as trained and instructed by Samsung with a Samsung supervisor/engineer present at all times**, such that the mobile devices they assembled are genuine Samsung products and are not counterfeit. *Id.* at ¶ 24.

- . . . To the contrary, **Samsung represented to All Pro that the mobile devices sold to All Pro were assembled by CVE and/or TDI using original parts provided by Samsung**. . . All Pro did not have any reason to know or to suspect that the mobile devices assembled by CVE, that it purchased from Samsung and CVE, were allegedly counterfeit, nor did Samsung ever inform All Pro that those Samsung mobile devices or products were counterfeit. To the contrary, All Pro is informed and believes, and based

thereon alleges, that all Samsung products that it purchased from Samsung and CVE are authentic Samsung products. *Id.* at ¶ 26.

If, however, the Court would require All Pro to plead its fraud and negligent misrepresentation claims against Samsung with more particularity, All Pro requests the opportunity to amend the proposed counterclaims.

D.  **SAMSUNG DOES NOT OBJECT TO ALL PRO'S PROPOSED THIRD-PARTY COMPLAINT AGAINST CVE:**

In its *Response to All Pro's Combined Motion for Leave to File* [Dkt. 131], Samsung states, "Plaintiff does not oppose All Pro's Request to file a Third-Party Complaint Against CVE Technology Group, Inc." [Dkt. 131 at p. 1 n.1]. Samsung goes on to say, however, that it is opposed All Pro's Third-Party Complaint against CVE "to the extent it includes harassing and irrelevant allegations such as those set forth in Paragraph 15." *Id.* Samsung fails to cite any basis for its contention All Pro's allegations are "harassing and irrelevant." Accordingly, the Court should deny Samsung's request to strike facts that it does not like.

Paragraph 15 of All Pro's Proposed Third-Party Complaint against CVE states:

15. By way of the Original Complaint and the most recently filed Second Amended Complaint [Dkt. 117] ("Second Amended Complaint"), Samsung perplexingly asserts various misleading and outright false allegations in a desperate (but transparent) attempt to cast blame on others, including All Pro, for Samsung's internal problems, which include its internationally infamous corruption scandal resulting in the imprisonment of Samsung personnel, its exploding phones, and its defective washing machines that have been recalled, among other things. In short, the salacious allegations against All Pro reflect that Samsung is completely unaware of its operations, internal policies and procedures, the conduct of its employees and officers, and the operations of its third-party private service centers.

The information contained in paragraph 15 is based widely-covered news stories about Samsung, even if Samsung would prefer to ignore it. Moreover, as indicated in All Pro's *Amended Answer* and proposed *First Amended Counterclaim* [Dkt. 120-2], All Pro followed Samsung's order and purchase process throughout its relationship with Samsung. [Dkt. 120-2 at

¶ 15]. During that relationship, Samsung directed All Pro to make purchases from CVE. Thus, the state of Samsung's business and the fact that Samsung nevertheless chose to file the instant lawsuit against All Pro are both relevant to All Pro's counterclaims against Samsung and the Third-Party Complaint against CVE.

## **CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant All Pro Distributing, Inc. respectfully requests this Court grant it leave to file its First Amended Counterclaims against Samsung, and to file a Third Party Complaint against CVE Technology Group, Inc. All Pro also requests such other and further relief, both at law and in equity, to which it be justly entitled.

Respectfully submitted,

By: */s/ Barry A. Moscowitz*
    Barry A. Moscowitz
    State Bar No. 24004830
    bmoscowitz@thompsoncoe.com
    Rachael Chong Walters
    State Bar No. 24042119
    rwalters@thompsoncoe.com
    Chantel L. Lee
    State Bar No. 24081001
    clee@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:   (214) 871-8200
Facsimile:    (214) 871-8209

ATTORNEYS FOR DEFENDANT
AND COUNTER-CLAIMANT
ALL PRO DISTRIBUTING, INC.

## **CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document was electrically filed on May 4, 2017. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's electronic filing system.

                                        /s/ *Barry A. Moscowitz*
                                        Barry A. Moscowitz