IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL "ALEX" JANG, JIN-YOUNG SONG, | § § § § § | Civil Action No. 3:15-cv-04108-D |
| Defendants, | § § | |
| AND | § § | |
| ALL PRO DISTRIBUTING, INC., Defendant, Third-Party Plaintiff, | § § § | |
| v. | § § | |
| CVE TECHNOLOGY GROUP, INC., | § § | |
| Third-Party Defendant, | § | |

**DEFENDANT/THIRD-PARTY PLAINTIFF ALL PRO DISTRIBUTING, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST CVE TECHNOLOGY GROUP, INC.**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, and the Court's March 29, 2018 Memorandum Opinion and Order [Dkt. 255], granting Third-Party Plaintiff All Pro Distributing, Inc. ("All Pro") leave to file this *First Amended Third-Party Complaint*, All Pro files this *First Amended Third-Party Complaint* against Third-Party Defendant CVE Technology Group, Inc. ("CVE") and respectfully shows the following:

## PARTIES

1. Plaintiff Samsung Electronics America, Inc. ("Samsung") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

2. Defendant Yang Kun "Michael" Chung ("Chung") is an individual and a resident of the State of Texas. Chung has been served and made an appearance in this matter.

3. Defendant Thomas Porcarello ("Porcarello") is an individual and a resident of the State of Texas. Porcarello has been served and made an appearance in this matter.

4. Defendant Yoon-Chul "Alex" Jang ("Jang") is an individual and a resident of the State of Texas. Jang has been served and made an appearance in this matter.

5. Defendant Jin-Young Song ("Song") is an individual and a resident of the State of Texas. Song has been served and made an appearance in this matter.

6. Defendant/Third-Party Plaintiff All Pro is a California corporation with its principal place of business in California. All Pro has appeared in this matter.

7. Third-Party Defendant CVE is a domestic corporation incorporated in Texas with its principal place of business in Plano, Texas. CVE has been served and made an appearance in this matter.

## JURISDICTION, VENUE, AND RELATED MATTERS

8. Samsung asserted this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 17 U.S.C. § 1203, and has also invoked this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over its state law claims.

9. The Court has jurisdiction over All Pro's third-party claims pursuant to Rule 14(a) of the Federal Rules of Civil Procedure because CVE is liable to All Pro for all or part of

Samsung's claims against All Pro if All Pro is found to be liable to Samsung, which liability All Pro denies.

10. In the alternative, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over All Pro's third-party claims against CVE because the claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in the Northern District of Texas because this Complaint is brought pursuant to Rule 14 of the Federal Rules of Civil Procedure and the original, underlying lawsuit is properly in this district.

## STATEMENT OF RELEVANT FACTS

12. All Pro is a small family-owned and operated company, with only 5 employees, that sells mobile phone accessories and phone repair parts, among other things.

13. Upon information and belief, Samsung is a multinational business conglomerate with over $100 billion in sales and more than 300,000 employees.

14. All Pro first started purchasing Samsung products from Samsung in or about March 2009. Over the years, All Pro developed an outstanding reputation at Samsung with respect to its ability to move Samsung's unwanted excess and obsolete accessories, parts and devices. Each and all of All Pro's purchases from Samsung were approved by different divisions within Samsung, including the Business Control and Finance Department, before any goods were released to All Pro. Upon information and belief, all completed transactions were always approved by Samsung supervisors and upper management using the Samsung SAP network, which Samsung is, or should be, well aware of.

15. By way of the Original Complaint and the most recently filed *Third Amended Complaint* [Dkt. 229] ("Third Amended Complaint"), which are incorporated herein by reference, Samsung perplexingly asserts various misleading and outright false allegations in a desperate (but transparent) attempt to cast blame on others, including All Pro, for Samsung's internal problems, which include its internationally infamous corruption scandal resulting in the imprisonment of Samsung personnel, its exploding phones, and its defective washing machines that have been recalled, among other things. In short, the salacious allegations against All Pro reflect that Samsung is completely unaware of its operations, internal policies and procedures, the conduct of its employees and officers, and the operations of its third-party private service centers.

16. Samsung asserts various claims for relief against All Pro claiming, *inter alia*, that All Pro purchased counterfeit Samsung phones from an unnamed third party and thereafter sold these alleged counterfeit phones to other third parties without Samsung's consent. (Third Amended Complaint [Dkt. 229] at ¶¶ 33–38, 41–42.)

17. In the Third Amended Complaint, Samsung alleges that a "third party" received genuine Samsung component parts directly from Samsung and assembled the parts into at least 16,318 purportedly counterfeit Samsung mobile devices, which the "third party" thereafter sold. (Third Amended Complaint [Dkt. 229] at ¶¶ 33–38.)

18. Samsung further claims the "third party" did not use the same procedures, facilities, skilled and trained workers, equipment and technology that Samsung uses to assemble its phones, and the allegedly counterfeit phones are not genuine because they purportedly do not

meet Samsung's rigorous technical and quality specifications. (Third Amended Complaint [Dkt. 229] at ¶¶ 33–38.)

19. Although Samsung curiously did not identify the "third party" that assembled the allegedly counterfeit phones in the Original Complaint, the Second Amended Complaint, or the Third Amended Complaint, Samsung, in written discovery, named CVE as one of the third parties that allegedly assembled and sold the counterfeit phones to All Pro.

20. In its discovery response, Samsung described CVE as "an authorized repair facility in connection with certain Samsung products."

21. All Pro is informed and believes, and based thereon alleges, CVE is an authorized Samsung private service center (meaning CVE provides services only for Samsung and no other company) and operates the largest Samsung private service center in the United States providing warranty repairs and device assembly for Samsung devices sold by T-Mobile and AT&T.

22. Upon further information and belief, CVE possessed all of the equipment and technology needed to assemble the mobile devices according to Samsung's allegedly rigorous conditions and specifications. Moreover, upon information and belief, CVE's employees are trained and instructed by Samsung with a Samsung supervisor/engineer present at CVE's facility at all times, such that the mobile devices CVE assembled are genuine Samsung products and are not counterfeit.

23. All Pro did not, at any time, knowingly purchase, sell, or offer to sell any counterfeit Samsung mobile devices. To the contrary, Samsung represented to All Pro that the mobile devices sold to All Pro were assembled by CVE and/or another Samsung authorized private service center using original build kits or parts provided by Samsung.

24. All Pro is informed and believes, and based thereon alleges, Samsung provided CVE with specific IMEI numbers, or serial numbers, for each phone that CVE assembled. Thus, All Pro justifiably believed it acquired authentic Samsung products, and sold the same authentic products on the open market. All Pro did not have any reason to know or to suspect that the mobile devices assembled by CVE, which All Pro purchased from Samsung and CVE, were allegedly counterfeit, nor did Samsung ever inform All Pro that those Samsung mobile devices or products were counterfeit. To the contrary, All Pro is informed and believes, and based thereon alleges, that all Samsung products it purchased from Samsung and CVE are authentic Samsung products.

25. In light of the allegations in the Third Amended Complaint, All Pro is informed and believes, and based thereon alleges, that Samsung continues its working relationship with CVE, including using CVE as a service center for Samsung devices, and that CVE is still an authorized Samsung distributor.

**CLAIM FOR RELIEF**
**(Contribution Against CVE)**

26. All Pro repeats and re-alleges each and every allegation contained in Paragraphs 1 through 25, as though fully set forth herein.

27. All Pro denies it purchased counterfeit Samsung phones from CVE (or anyone else), and disputes Samsung's claims that CVE did not have authority to assemble Samsung phones and does not use the same procedures, facilities, skilled and trained workers, equipment and technology that Samsung uses to assemble its phones.

28. Although All Pro denies all liability whatsoever to Samsung, to the extent All Pro is held liable for any damages, All Pro is informed and believes, and based thereon alleges, it is

entitled to equitable contribution from CVE proportionate to its share of liability, so that All Pro may avoid payment of any sum to Samsung or any other party, or any sum in excess of All Pro's proportionate share of liability, if any, in this action.

29. Any liability on the part of All Pro, if any, is derivative only, arising not from All Pro's conduct, but solely from the acts, breaches and omissions of CVE in light of Samsung's allegations regarding the third party and/or third parties that obtained component parts and assembled the same to make at least 16,318 counterfeit Samsung mobile devices and allegedly sold the same to All Pro (Third Amended Complaint [Dkt. 229] at ¶¶ 33–42), as well as Samsung's disclosures in discovery responses regarding CVE, including the allegations that CVE improperly and illegally assembled counterfeit phones and sold them to All Pro, and because CVE represented to All Pro that the phones it purchased from CVE were authentic.

30. A claim by All Pro for contribution against CVE should be resolved along with the other claims at issue in this action pursuant to Fed. R. Civ. P. 14(a).

## PRAYER FOR RELIEF

WHEREFORE, All Pro prays for judgment against CVE, as follows:

1. For general, compensatory and consequential damages according to proof;

2. For attorneys' fees and costs;

3. For costs of suit incurred;

4. For interest as allowed by law; and

5. For such other and further relief as the Court deems All Pro is justly entitled under the circumstances.

**DEMAND FOR JURY TRIAL**

Third-Party Plaintiff All Pro Distributing, Inc. hereby requests trial by jury as to all Claims for Relief.

                                           Respectfully submitted,

                                           By:  */s/ Barry A. Moscowitz*
                                                Barry A. Moscowitz
                                                State Bar No. 24004830
                                                bmoscowitz@thompsoncoe.com
                                                Rachael Chong Walters
                                                State Bar No. 24042119
                                                rwalters@thompsoncoe.com
                                                Chantel L. Lee
                                                State Bar No. 24081001
                                                clee@thompsoncoe.com

                                                THOMPSON, COE, COUSINS & IRONS, LLP
                                                700 N. Pearl Street, 25th Floor
                                                Dallas, Texas 75201-2832
                                                Telephone:  (214) 871-8200
                                                Facsimile:  (214) 871-8209

                                           - and –

                                                Armen G. Mitilian
                                                *Admitted Pro Hac Vice*
                                                FREEMAN, FREEMAN, & SMILEY, LLP
                                                1888 Century Park East, Suite 1900
                                                Los Angeles, CA 90067
                                                Telephone: (310) 255-6129
                                                Facsimile: (310) 255-6229
                                                E-mail: armen.mitilian@ffslaw.com

                                                ATTORNEYS FOR THIRD-PARTY PLAINTIFF ALL PRO DISTRIBUTING, INC.

## CERTIFICATE OF SERVICE

      Pursuant to the FEDERAL RULES OF CIVIL PROCEDURE, I hereby certify that a true and correct copy of the foregoing document was electrically filed on April 26, 2018. Notice of this filing will be sent to all counsel of record for all parties, and to *pro se* Defendant Michael Chung, by operation of the Court's electronic filing system.

                                        */s/ Barry Moscowitz*
                                        Barry A. Moscowitz