IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| Plaintiff, | |
| v. | |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL "ALEX" JANG, JIN-YOUNG SONG, | Civil Action No. 3:15-cv-04108-D |
| Defendants, | |
| and | |
| ALL PRO DISTRIBUTING, INC., | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| CVE TECHNOLOGY GROUP, INC., | |
| Third-Party Defendant. | |

**THIRD-PARTY DEFENDANT CVE TECHNOLOGY GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/THIRD-PARTY PLAINTIFF
ALL PRO DISTRIBUTING, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT**

Third-Party Defendant CVE Technology Group, Inc. ("CVE") hereby files this Answer and Affirmative Defenses to Defendant/Third-Party Plaintiff All Pro Distributing, Inc.'s ("All Pro") First Amended Third-Party Complaint ("Complaint") filed on April 26, 2018. Each of the headings and numbered paragraphs below corresponds to the headings and same-numbered paragraphs in the Complaint. CVE denies all allegations in the Complaint, whether express or

implied, that are not specifically admitted below.  CVE further denies that All Pro is entitled to the requested relief or any other relief.

## PARTIES

1.      CVE lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 1, and therefore denies the same.

2.      CVE admits that Defendant Yang Kun "Michael" Chung has made an appearance in this matter.  CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 2, and therefore denies the same.

3.      CVE admits that Defendant Thomas Porcarello has made an appearance in this matter.  CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 3, and therefore denies the same.

4.      CVE admits that Defendant Yoon-Chul "Alex" Jang has made an appearance in this matter.  CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 4, and therefore denies the same.

5.      CVE admits that Defendant Jin-Young Song has made an appearance in this matter. CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 5, and therefore denies the same.

6.      CVE admits that All Pro has appeared in this matter.  CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 6, and therefore denies the same.

7.      CVE admits the allegations of paragraph 7 of the Complaint.

## JURISDICTION, VENUE, AND RELATED MATTERS

8.      CVE admits that Samsung Electronics America, Inc.'s ("Samsung") complaint against All Pro alleges that jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1332,

1338, and 17 U.S.C. § 1203.  CVE admits that Samsung's complaint against All Pro alleges that

this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Samsung's state law

claims.

9.      CVE denies the allegations of paragraph 9 of the Complaint.

10.     CVE admits that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a)

over All Pro's third-party claims against CVE.  CVE denies that it has committed the alleged acts

that form the basis of All Pro's third-party claims against CVE and denies any remaining

allegations of paragraph 10 of the Complaint.

11.     For purposes of this action only, and without waiving any defense of improper

venue in connection with any other cause of action or claim, CVE does not contest that venue

properly lies in this District.  CVE denies that it has committed the alleged acts that form the basis

of All Pro's third-party claims against CVE in this District and denies any remaining allegations

of paragraph 11 of the Complaint.

## STATEMENT OF RELEVANT FACTS

12.     CVE lacks knowledge or information sufficient to form a belief about the truth of

the facts alleged in paragraph 12, and therefore denies the same.

13.     CVE lacks knowledge or information sufficient to form a belief about the truth of

the facts alleged in paragraph 13, and therefore denies the same.

14.     CVE lacks knowledge or information sufficient to form a belief about the truth of

the facts alleged in paragraph 14, and therefore denies the same.

15.     CVE lacks knowledge or information sufficient to form a belief about the truth of

the facts alleged in paragraph 15, and therefore denies the same.

16.     CVE admits that Samsung's complaint against All Pro asserts various claims for

relief.  CVE admits that Samsung's complaint against All Pro alleges that All Pro purchased

counterfeit Samsung phones from an unnamed third party.  CVE admits that Samsung's complaint against All Pro alleges that All Pro sold these counterfeit phones to the market without Samsung's permission.  CVE denies any remaining allegations of paragraph 16 of the Complaint.

17.     CVE admits that Samsung's complaint against All Pro alleges that a "third party" received Samsung component parts directly from Samsung and assembled the parts into at least 16,318 purportedly counterfeit Samsung mobile devices, which the "third party" thereafter sold. CVE denies any remaining allegations of paragraph 17 of the Complaint.

18.     CVE admits that Samsung's complaint against All Pro alleges that the "third party" did not use the same procedures, facilities, skilled and trained workers, equipment and technology that Samsung uses to assemble its phones.  CVE admits that Samsung's complaint against All Pro alleges that the assembled phones were not genuine because, among other things, they purportedly did not meet Samsung's rigorous technical and quality specifications.  CVE denies any remaining allegations of paragraph 18 of the Complaint.

19.     CVE admits that Samsung did not identify the "third party" that assembled the allegedly counterfeit phones in Samsung's Original Complaint, Second Amended Complaint, or Third Amended Complaint.  CVE admits that Samsung named CVE as one of the third parties that allegedly assembled and sold the counterfeit phones to All Pro in written discovery.  CVE denies any remaining allegations of paragraph 19 of the Complaint.

20.     CVE admits the allegations of paragraph 20 of the Complaint.

21.     CVE admits that it was an authorized Samsung Private Service Center during the 2010 to 2015 timeframe.  CVE denies that it currently provides services only for Samsung and no other company.  CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 21, and therefore denies the same.

22.     CVE admits that, during the 2010 to 2015 timeframe, as an authorized Samsung Private Service Center, CVE possessed all of the equipment and technology needed to assemble certain Samsung mobile devices.  CVE admits that, during the 2010 to 2015 timeframe, CVE's employees at its authorized Samsung Private Service Center were trained and instructed by Samsung and that a Samsung supervisor/engineer was present at CVE's facility at all times, such that the Samsung mobile devices that CVE assembled were genuine Samsung products and were not counterfeit.  CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 22, and therefore denies the same.

23.     CVE lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in paragraph 23, and therefore denies the same.

24.     CVE admits that, during the 2010 to 2015 timeframe, when CVE was an authorized Samsung Private Service Center, Samsung provided CVE with specific IMEI numbers, or serial numbers, for each phone that CVE assembled.  CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 24, and therefore denies the same.

25.     CVE admits that Samsung continues its working relationship with CVE, including using CVE as an Authorized Service Center for certain Samsung devices.  CVE denies that it is still an authorized Samsung service parts distributor.  CVE lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged in paragraph 25, and therefore denies the same.

**CLAIM FOR RELIEF**
**(Contribution Against CVE)**

26.     CVE incorporates by reference its responses to paragraphs 1 through 25 of All Pro's Complaint as if fully set forth herein.

5

27.     Based on All Pro's pleadings, CVE admits that All Pro denies that it purchased counterfeit Samsung phones from CVE (or anyone else), and that All Pro disputes Samsung's claims that CVE did not have authority to assemble Samsung phones and did not use the same procedures, facilities, skilled and trained workers, equipment and technology that Samsung uses to assemble its phones.

28.     Based on All Pro's pleadings, CVE admits that All Pro denies all liability whatsoever to Samsung.  CVE denies the remaining allegations of paragraph 28 of the Complaint.

29.     CVE denies the allegations of paragraph 29 of the Complaint.

30.     CVE denies the allegations of paragraph 30 of the Complaint.

## PRAYER FOR RELIEF

A response is not required to All Pro's Prayer for Relief.  To the extent that a response is required, CVE denies that All Pro is entitled to any of the relief sought in its Complaint, including in All Pro's Prayer for Relief.

## AFFIRMATIVE DEFENSES

CVE alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

31.     The Complaint fails to state a claim against CVE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Contributory Negligence)

32.     Contributory negligence on the part of Samsung, All Pro, and the other Defendants invoke the doctrine of comparative responsibility, and CVE requests the conduct of the other parties be compared, as required by the Texas Civil Practices & Remedies Code § 33.001 *et seq.*,

including, without limitation, § 33.001 (claimant may not recover), § 33.003 (determination of proportional responsibility), § 33.004 (designation of responsible third party), § 33.012 (amount of claimant's recovery), § 33.013 (amount of defendant's liability), § 33.015 (contribution), and § 33.016 (claim against contribution defendant).

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

33.     All Pro's and/or Samsung's claims against CVE are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

34.     All Pro's and/or Samsung's claims against CVE are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver and/or Acquiescence)

35.     All Pro's and/or Samsung's claims against CVE are barred by the doctrines of waiver and/or acquiescence.

### SIXTH AFFIRMATIVE DEFENSE
### (Trademark Non-Infringement)

36.     Samsung's trademark infringement claims against All Pro and All Pro's claims against CVE are barred because CVE has not infringed any Samsung trademark under any federal or other law.

### SEVENTH AFFIRMATIVE DEFENSE
### (License)

37.     Samsung's trademark infringement claims against All Pro and All Pro's claims against CVE are barred because Samsung expressly licensed CVE to use its trademarks pursuant to various written agreements between Samsung and CVE that were effective during the relevant

time period, including an Amended and Restated Private Service Center Agreement, an Authorized Service Center Agreement, and a Service Parts Distributor Agreement.

## EIGHTH AFFIRMATIVE DEFENSE
### (Implied License, Consent, and/or Authorized Use)

38.     Samsung's trademark infringement claims against All Pro and All Pro's claims against CVE are barred by the doctrine of implied license because Samsung authorized, impliedly or explicitly, CVE's allegedly infringing use of Samsung's trademarks.

## NINTH AFFIRMATIVE DEFENSE
### (First Sale Doctrine and/or Trademark Exhaustion)

39.     Samsung's trademark infringement claims against All Pro and All Pro's claims against CVE are barred, in whole or in part, by the first sale doctrine and/or the doctrine of trademark exhaustion.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

40.     All Pro's and/or Samsung's claims against CVE are barred, in whole or in part, due to Samsung's and/or All Pro's failure to mitigate damages, to the extent that any damages exist.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Contractual Limitation on Liability and/or Damages)

41.     All Pro's and/or Samsung's claims against CVE are barred, in whole or in part, due to limitations of liability and/or limitations of remedies provisions in various written agreements between Samsung and CVE that were effective during the relevant time period, including an Amended and Restated Private Service Center Agreement and an Authorized Service Center Agreement.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Responsible Third Party)**

42.     Any damages suffered by All Pro and/or Samsung are the result of the actions of others over whom CVE had no control or for whom CVE is not legally responsible.

**RESERVATION OF DEFENSES**

43.     CVE reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, which may be available now or may become available in the future based on discovery or any other factual investigation of this case.

**DEMAND FOR JURY TRIAL**

CVE hereby demands a trial by jury of all issues so triable in this action.

**PRAYER FOR RELIEF**

CVE respectfully requests a judgment against All Pro and prays for the following relief:

A.     that the Complaint be dismissed in its entirety with prejudice and that a judgment be entered against All Pro and in favor of CVE;

B.     that All Pro take nothing by reason of its Complaint;

C.     that CVE's costs be taxed against All Pro; and

D.     for any further relief that this Court deems just and proper.


Dated: May 10, 2018                              Respectfully submitted,

                                                  _/s/ Amy E. LaValle_____
                                                 Amy E. LaValle
                                                 State Bar No. 24040529
                                                 amy.lavalle@wickphillips.com
                                                 Rusty O'Kane
                                                 State Bar No. 24088149
                                                 rusty.okane@wickphillips.com
                                                 WICK PHILLIPS GOULD & MARTIN, LLP
                                                 3131 McKinney Avenue, Suite 100
                                                 Dallas, Texas 75204

Telephone:     214-692-6200
Facsimile:     214-692-6255

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT CVE TECHNOLOGY
GROUP, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document, THIRD-PARTY DEFENDANT CVE TECHNOLOGY GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/THIRD-PARTY PLAINTIFF ALL PRO DISTRIBUTING, INC.'S FIRST AMENDED THIRD-PARTY COMPLAINT, via the Court's CM/ECF system per Local Rule 5.1(d).


Dated: May 10, 2018                              _/s/ Amy E. LaValle_____