IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:15-CV-4108-D |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL "ALEX" JANG, JIN-YOUNG SONG, | § § § § § § | |
| Defendants, | § § | |
| and | § § | |
| ALL PRO DISTRIBUTING, INC., | § § § | |
| Defendant-Third-Party Plaintiff, | § § § | |
| VS. | § § | |
| CVE TECHNOLOGY GROUP, INC., | § § § | |
| Third-Party Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In a prior opinion in this case—*Samsung Electronics America, Inc. v. Yang Kun "Michael" Chung*, 2018 WL 1532383 (N.D. Tex. Mar. 29, 2018) (Fitzwater, J.) ("*Samsung*

*II*")—the court granted plaintiff Samsung Electronics America, Inc.'s ("Samsung's")[1] motion to dismiss under Fed. R. Civ. P. 9(b) and 12(b)(6), but it also granted defendant-third-party plaintiff All Pro Distributing, Inc. ("All Pro") leave to replead. All Pro filed a second amended counterclaim, and Samsung now moves under Rules 9(b) and 12(b)(6) to dismiss several of All Pro's counterclaims for failure to state a claim on which relief can be granted. For the following reasons, the court grants the motion to dismiss and dismisses with prejudice All Pro's counterclaims for fraudulent misrepresentation, fraud by non-disclosure, and negligent misrepresentation.

I

Because this case is the subject of two prior memorandum opinions, *see, e.g., Samsung II*, the court will recount only the facts and procedural history that are pertinent to this decision.

This is an action by Samsung against All Pro and four Samsung employees—Yang Kun "Michael" Chung ("Chung"), Thomas Porcarello ("Porcarello"), Yoon-Chul "Alex" Jang, and Jin-Young Song (collectively, the "Employee Defendants")—whose employment involved the management and sale of Samsung parts. Samsung alleges that the Employee Defendants exerted control over Samsung's Services Operations Department and were

---

[1]Samsung is the U.S. subsidiary of the Korean company Samsung Electronics Co., Ltd. ("Samsung Ltd."). It recently merged with Samsung Telecommunications America, LLC ("Samsung Telecom"), another Samsung Ltd. subsidiary. The two subsidiaries now operate as one unit in the United States, but during the events giving rise to this case, Samsung Telecom was a separate entity. For ease of reference, the court will refer to the new, consolidated company rather than differentiate between the subsidiaries.

involved in an unlawful scheme centering on service parts.² As it relates to All Pro, Samsung asserts that Chung, Porcarello, and other Samsung employees directed build kits to All Pro through a third party.³ The build kits included, among other things, PBAs (the "brains" of Samsung cell phones) and OCTAs (the touch screens used on the devices.). Although the OCTAs bore Samsung's registered trademark, Samsung intended the parts to be used for servicing, and it did not authorize either part to be resold. Samsung alleges that the third party constructed phones from the build kits and then routed them to All Pro for distribution.

In Samsung's third amended complaint, it asserts claims against All Pro for violating the Lanham Act and the Texas Trademark Act ("TTA"), violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), aiding and abetting breach of fiduciary duties, tortious interference with contract, civil conspiracy, and misappropriation of trade secrets.⁴ In All Pro's second amended counterclaim, it asserts counterclaims for fraudulent

---

²In deciding this Rule 12(b)(6) motion, the court construes All Pro's second amended counterclaim in the light most favorable to All Pro, accepts all well-pleaded factual allegations, and draws all reasonable inferences in its favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

³Samsung also alleges that the scheme involved designing and rigging an auction process to allow select companies, including All Pro, to obtain Samsung parts at a significant discount.

⁴The third amended complaint also alleges against the Employee Defendants claims of federal trademark infringement, Texas trademark infringement, civil RICO, breach of contract, breach of fiduciary duties, civil conspiracy, and misappropriation of trade secrets.

misrepresentation, fraud by non-disclosure, and negligent misrepresentation, in addition to its original counterclaims for frivolous lawsuit and business disparagement. All Pro's counterclaims all rely on the premise that it purchased allegedly counterfeit mobile devices based on Samsung's representations that such devices were authentic.

Samsung now moves under Rules 12(b)(6) and 9(b) to dismiss All Pro's counterclaims for fraudulent misrepresentation, fraud by non-disclosure, and negligent misrepresentation. All Pro opposes the motion.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive Samsung's motion to dismiss, All Pro must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level [.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

Samsung moves to dismiss All Pro's counterclaims for fraudulent misrepresentation and fraud by non-disclosure, contending that All Pro has not pleaded facts sufficient to meet the heightened pleading standard of Rule 9(b).

A

"[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b)." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir. 2008) (citations omitted). "Rule 9(b) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *2 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (quoting *Benchmark Elecs.*, 343

F.3d at 724) (internal quotation marks omitted). More colloquially, All Pro must plead the "who, what, when, where, and how" of the fraud. *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Because Rule 9(b) must be "read in conjunction with [Rule] 8 which requires only a short and plain statement of the claim showing that the pleader is entitled to relief," "punctilious pleading detail" is not required. *Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.) (quoting *Landry v. Air Lines Pilots Ass'n Int'l AFL–CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990)) (internal quotation marks omitted). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Garcia v. Boyar & Miller, P.C.*, 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (quoting *FDIC v. Gaubert*, No. 3-90-1196-D, slip op. at 7 (N.D. Tex. Sept. 4, 1990) (Fitzwater, J.)).

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." This aspect of the rule "relaxes the particularity requirement for conditions of the mind, such as scienter." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994). Nevertheless, "case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent." *Id.* "The plaintiffs must set forth specific facts supporting an

inference of fraud. Alleged facts are sufficient to support such an inference if they either (1) show a defendant's motive to commit [fraud] or (2) identify circumstances that indicate conscious behavior on the part of the defendant." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citing *Herrmann Holdings Ltd.*, 302 F.3d at 565) (internal quotations omitted) (securities fraud case).

B

Applying these principles to All Pro's fraudulent misrepresentation and fraud by non-disclosure counterclaims, the court concludes that All Pro has failed to plead fraud in accordance with the requirements of Rule 9(b).

Samsung maintains that All Pro has not alleged sufficient facts that establish scienter. All Pro alleges that Samsung employees made misrepresentations because they "sought to induce All Pro to purchase more Samsung mobile devices, parts, and accessories for Samsung's financial benefit." 2d. Am. Countercl. ¶ 49. This allegation of motive is insufficient under Fifth Circuit precedent to allow the court to draw a reasonable inference of scienter. In *Tuchman* the Fifth Circuit affirmed the dismissal of a plaintiffs' fraud claims for failure to adequately plead scienter under Rule 9(b). *Tuchman*, 14 F.3d at 1068. The plaintiffs alleged that the defendants had created an artificial picture of the company's financial condition in order to inflate the value of their own shares and options. *Id.* The plaintiffs did not allege that the defendants had purchased or sold any stock during the class period. *Id.* The district court held that such an allegation was insufficient. It reasoned that

> incentive compensation can hardly be the basis on which an allegation of fraud is predicated. On a practical level, were the opposite true, the executives of virtually every corporation in the United States would be subject to fraud allegations. It does not follow that because executives have components of their compensation keyed to performance, one can infer fraudulent intent.

*Id.* (citation omitted). In the same way, a corporation's financial interest in selling a product does not of itself enable a court to draw a reasonable inference of fraudulent intent on the part of the company's employees. To hold otherwise would seemingly eviscerate the scienter requirement in cases involving seller defendants.

In the instant case, All Pro alleges merely that Samsung employees acted to increase the general profitability of Samsung—that Eric Jameson, Tanja Lonac, Juan Gonzalez, and Porcarello, *inter alia*, acted for Samsung's financial benefit, *see* 2d. Am. Countercl. ¶ 49. All Pro does not allege that any Samsung employees would reap any personal benefit, financial or otherwise, from the misrepresentations. *Cf. SEC v. Blackburn*, 156 F.Supp.3d 778, 791 (E.D. La. 2015) (distinguishing SEC's allegations of motive from those in *Tuchman* and finding them sufficient to survive motion to dismiss because "SEC alleges that [defendant] personally profited from the allegedly inflated stock values and the money raised"). Without an allegation of personal profit by Samsung employees, All Pro's allegations do not allow the court to reasonably infer fraudulent intent. *See Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994) ("The defendants' motive to commit securities fraud is not readily apparent, as there is no allegation that any of the corporate defendants actually personally profited from the allegedly inflated stock values or the money raised from the two

offerings.").

All Pro's other scienter allegations are also insufficient. All Pro alleges:

> Samsung knew the Phone Representations were false at the time they were made or, alternatively, recklessly made these representations without knowledge of their truthfulness and without confirming authenticity and for the purpose to induce All Pro to rely on such Phone Representations and to purchase mobile devices, parts, and accessories from Samsung.

*Id.* ¶ 52. Such a conclusory allegation fails to plausibly plead Samsung's motive or other circumstances indicating Samsung's conscious behavior. *See Dorsey*, 540 F.3d at 339; *Tuchman*, 14 F.3d at 1068 (citing *Greenstone v. Cambex Corp.*, 975 F.2d 22, 25 (1st Cir. 1992) ("The courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint also sets forth specific facts that makes it reasonable to believe that defendant knew that a statement was materially false or misleading."). The court thus concludes that All Pro has not set forth specific facts supporting a reasonable inference of fraudulent intent, and it dismisses All Pro's fraud claims under Rule 9(b).

IV

The court next addresses All Pro's negligent misrepresentation counterclaim.

Under Texas law, a claim of negligent misrepresentation requires that plaintiff establish the following elements:

> (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise

- 9 -

> reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

All Pro alleges:

> Because of its pecuniary interest in its transaction with All Pro, Samsung *did not exercise reasonable care or competence in making the Phone Representations to All Pro*. Instead, Samsung provided All Pro with false information in order to induce All Pro to purchase Samsung's products. If Samsung's allegations in this action are taken as true (they are not), then Samsung knew, or reasonably should have known, the Samsung mobile devices offered to and sold to All Pro were not authentic and were counterfeit.

2d. Am. Countercl. ¶ 72 (emphasis added).

All Pro's threadbare recitations of a negligent misrepresentation claim are insufficient to plausibly plead that Samsung did not exercise reasonable care in making representations to All Pro.

Accordingly, Samsung's motion to dismiss All Pro's counterclaims for fraudulent misrepresentation, fraud by non-disclosure, and negligent misrepresentation is granted.[5]

\* \* \*

For the reasons explained, the court grants Samsung's motion to dismiss All Pro's fraudulent misrepresentation, fraud by non-disclosure, and negligent misrepresentation

---

[5]Because the court holds that All Pro's counterclaims based on fraud do not satisfy the requirements of Rule 9(b) or 12(b)(6), it does not address the other grounds on which Samsung relies to maintain that All Pro's counterclaims are deficient.

counterclaims in its second amended counterclaim and dismisses these counterclaims with prejudice.

**SO ORDERED**.

July 19, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE