UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-04108-D |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL "ALEX" JANG, JIN-YOUNG SONG, ALL PRO DISTRIBUTING, INC., | § § § § § § | |
| Defendants. | § § | |

PLAINTIFF'S MOTION FOR
SANCTIONS FOR SPOLIATION OF EVIDENCE

Plaintiff Samsung Electronics America, Inc. ("Samsung") files this Motion for Sanctions for Spoliation of Evidence (the "Motion") under Federal Rule of Civil Procedure 37, and shows the Court as follows:

I.
INTRODUCTION

Defendant Michael Chung ("Chung") has intentionally destroyed significant evidence that is highly relevant to this case, namely diaries he relied on in making certain representations in his First Amended Answer. [Dkt. 192.] As a result of Chung's deliberate spoliation, Samsung seeks sanctions against Chung. Specifically, Samsung seeks instructions that permit the jury (a) to hear evidence of Chung's spoliation and (b) to draw an adverse inference that Chung intentionally destroyed the diaries in order to hide unfavorable evidence.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 2018, during his first deposition in this matter, Chung testified he had maintained diaries containing information germane to this case throughout the timeframe relevant here.[1] Specifically, Chung testified that he kept yearly diaries in "small books" from 2011 to 2015 and that he relied upon those diaries in preparing his First Amended Answer. [App. at 9-11, 14-15, 25.] Chung consistently referenced the diaries during his first deposition in the present tense and even indicated he would work with Samsung's counsel to provide copies of the diaries. [*See, e.g.*, App. at 14 ("I have a diary[] . . . ."), 25 ("Q. . . . . And you have the diaries for the time that you were at Samsung? A. Right."), 15 (Chung answering "I understand that" to counsel's representation Samsung would "request that [Chung] provide [the diaries] to [Samsung]").].

During his second deposition on August 29, 2018, however, Chung testified he had lost the diaries. [App. at 35-36, 48-49.] Nevertheless, Chung still maintained that he had relied upon the diaries in preparing his First Amended Answer to the lawsuit [App. at 38; *see also* App. at 40, 42-43, 48-49, 73-74], and that he had possession of the diaries when asked about them during his first deposition [App. at 53, 67-68]. This all despite his affirmation during his first deposition that he

---

[1] *See* Deposition Transcript of Yang Kun "Michael" Chung, dated July 3, 2018, at 6:1-8:13, 110:6-111:12.  The Deposition Transcript of Yang Kun "Michael" Chung dated August 29, 2018, is a continuation of Chung's deposition beginning July 3, 2018.  Excerpts of both are attached in the Appendix to this Motion.

understood he should not destroy any type of evidence related to the lawsuit. [App. at 12-13.]

## III.
## ARGUMENT AND AUTHORITIES

The Court has broad authority and discretion in all discovery matters, and may impose a range of sanctions—up to and including dismissal and entry of default judgment—under Rules 37 and 41, as well as through the Court's inherent power to regulate the litigation process. *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315–17 (5th Cir. 2013) (finding no abuse of discretion in dismissal of plaintiffs' suit for violating discovery orders); Fed. R. Civ. P. 37(b)–(d). In order to show a court it should impose sanctions for spoliation, the moving party need only show (1) the destroying party "had an obligation to preserve [the evidence] at the time it was destroyed"; (2) "the evidence was destroyed with a culpable state of mind"; and (3) "a reasonable trier of fact could find that [the evidence] would support [the moving party's] claim[s] or defense[s]." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 615–16 (S.D. Tex. 2010).

The duty to preserve evidence arises when a party has notice or should have known that the evidence is relevant to anticipated or pending litigation. *Id.* at 612, 641. And this duty extends to the party's employees, as well as to any "key players" who are "likely to have relevant information." *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011). Further, the duty to preserve extends to any documents, records, or information that a party to the litigation has a legal right to access. *Tantivy Commc'ns, Inc. v. Lucent Techs. Inc.*, No. 2:04CV79 (TJW), 2005 WL

2860976, at *4 (E.D. Tex. Nov. 1, 2005). Moreover, the party owes this duty to the court—not merely to the opposing party—such that spoliation "is considered an abuse of the judicial process." *Ashton*, 772 F. Supp. 2d at 800.

A party deserves sanctions if its spoliation of evidence was willful and in bad faith. *Rimkus*, 688 F. Supp. 2d at 614, 642–43. This Court has described "[b]ad faith" in the spoliation context as "a desire to suppress the truth," or destruction "for the purpose of depriving the adversary of the evidence." *Ashton*, 772 F. Supp. 2d at 800–01; *see also Edwards v. 4JLJ, LLC*, No. 2:15-CV-299, 2018 WL 2981154, at *13 (S.D. Tex. June 14, 2018) ("Bad faith in this context generally means destruction for the purpose of hiding adverse evidence."). Further, courts question critically the proffered reasons for the spoliation, asking whether the party's excuses for the spoliation are consistent and supported by the record. *Rimkus*, 688 F. Supp. 2 at 643–44 (finding a party's "proffered reasons for deleting or destroying [evidence were] inconsistent and lack[ed] record support"). This is because bad faith "must typically be inferred," and a court may infer bad faith where a party "purposely loses or destroys relevant evidence." *Quantlab Techs. Ltd. (BGI) v. Godlevsky*, No. 4:09-cv-4039, 2014 WL 651944, at *2 (S.D. Tex. Feb. 19, 2014).

"Prejudice" requires only a showing that a party's "ability to present its case or to defend is compromised." *Ashton*, 772 F. Supp. 2d at 801. In order to avoid allowing "the spoliator . . . to profit from [the evidence's] destruction[,]" the burden to show prejudice is not onerous. *Rimkus*, 688 F. Supp. 2d at 616; *Quantlab*, 2014 WL 651944, at *11. Consequently, if the party seeking discovery can show that evidence was

intentionally destroyed when it was known that the evidence should have been preserved, the party seeking discovery is entitled to a **presumption** "that the spoliated evidence would have been harmful to the spoliator's case." *Andrade Garcia v. Columbia Med. Ctr. of Sherman*, 996 F. Supp. 605, 615–616 (E.D. Tex. 1998); *Quantlab*, 2014 WL 651944, at *11 (prejudice may be inferred or presumed where the destruction was willful); *see also Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 504 (S.D.N.Y. 2013) (finding willful destruction of electronic evidence was sufficient to find prejudice and to impose severe sanctions); *Centimark Corp. v. Pegnato Roof Mgmt., Inc.*, No. 05-708, 2008 WL 1995305, at *7 (W.D. Pa. May 6, 2008) ("[T]here will always be a degree of speculation as to [the] contents" of destroyed documents; thus, a party need only "to come forward with plausible, concrete suggestions as to what the lost evidence might have been" (internal quotations omitted)).

In determining the remedy for spoliation and other discovery abuses, a court's task is to impose a sanction that is "proportionate to the culpability involved and the prejudice that results." *Rimkus*, 688 F. Supp. 2d at 618. Indeed, where a party destroys evidence, courts may provide an instruction that permits the jury to hear evidence of the spoliation and to draw an adverse inference that the party who intentionally destroyed evidence did so because its contents were unfavorable to that party. *Rimkus*, 688 F. Supp. 2d at 619, 646 (granting this instruction); *Quantlab*, 2014 WL 651944, at *12 (same); *Edwards*, 2018 WL 2981154, at *13 (imposing same sanction where, *inter alia*, destroying party "had access to the content of the [evidence]" and yet misled the moving party about whether the evidence would

ultimately be made available).  The standard for imposing this sanction is the same as the standard for dismissal; the adverse-inference instruction is simply a lesser remedy available in the Court's determination of what is "proportionate to the culpability involved and the prejudice that results." *Rimkus*, 688 F. Supp. 2d at 618; *see also T & E Inv. Grp. LLC v. Faulkner*, No. 11-CV-0724-P, 2014 WL 550596, at *19 (N.D. Tex. Feb. 12, 2014) (imposing adverse instruction and observing it would "serve the important interests of deterring similar conduct, placing on [the destroying party] the risk of any erroneous judgment, and restoring [the moving pary] to a position in which [it] would have been absent the bad faith spoliation"); *cf. Westchester Media Co. v. PRL USA Holdings, Inc.*, 103 F. Supp. 2d 935, 1007–08 (S.D. Tex. 1999) (recognizing the destruction of relevant documents as a "grave matter" worthy of sanction).

In the instant case, Chung's intentional spoliation of the diaries merits such an adverse inference.  For one, Chung testified at deposition he understood that he should not destroy evidence and that the diaries constituted evidence relevant to this case.  Further, Samsung has through the Chung's spoliation lost the opportunity to review and rely upon the diaries—evidence that presumably would have aided its case—in making its arguments or working to impeach Chung's testimony and representations.  Although Chung offers no coherent explanation why he testified he had the diaries during his first deposition and somehow lost or destroyed them by the time of his next deposition, it is clear from his testimony—namely Chung's admitted reliance on the diaries in preparing his answer—that the diaries contained relevant

and/or impeachment evidence and that Chung understood as much. Because Samsung has suffered prejudice as a result of Chung's spoliation and his act to prevent Samsung from relying on the diaries is intentional, Samsung respectfully requests that the Court permit the jury to hear about Chung's misconduct, and to allow the jury, if the jury chooses, to infer that the destroyed evidence would have aided Samsung's case.

## IV.
## PRAYER

For the reasons set forth above, Plaintiff Samsung prays that the Court permit an adverse jury instruction based on the destruction of evidence by Defendant Michael Chung, and such other relief as Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: */s/Benjamin L. Riemer*
Jeffrey J. Ansley
State Bar No. 00790235
jansley@bellnunnally.com
Jeffrey S. Lowenstein
Texas Bar No. 24007574
jlowenstein@bellnunnally.com
Benjamin L. Riemer
State Bar No. 24065976
briemer@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, Texas  75201-2720
Telephone:  (214) 740-1400
Facsimile:  (214) 740-1499

**ATTORNEYS FOR PLAINTIFF**
**SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

On March 1, 2019, counsel for Samsung conferred with Defendant Yang Kun "Michael" Chung and counsel for Defendant All Pro. Defendant Chung and Defendant All Pro each oppose the relief requested in this Motion. Samsung attempted to confer with counsel for all other Defendants on March 1, 2019, as well, but none responded. Accordingly, counsel for Samsung presumes all Defendants oppose the relief requested in this Motion.

*/s/ Benjamin L. Riemer*
Benjamin L. Riemer

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court, which will send notification to all parties of record. Additionally, a copy of this filing was sent to Yang Kun "Michael" Chung via email at ykchung111@gmail.com.

*/s/ Benjamin L. Riemer*
Benjamin L. Riemer

10133.00001/4369238_1.docx