IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:15-cv-04108-D |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, YOON-CHUL "ALEX" JANG, JIN-YOUNG SONG, ALL PRO DISTRIBUTING, INC., | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY TO DEFENDANT YANG KUN "MICHAEL" CHUNG'S ANSWER TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Samsung Electronics America, Inc. ("Samsung") files this Reply to Defendant Yang Kun "Michael" Chung's ("Chung") Answer to Plaintiff's Motion for Sanctions for Spoliation of Evidence [Dkt. 383] (the "Response"). The Court referred Samsung's Motion for Sanctions for Spoliation of Evidence [Dkt. 372] (the "Motion") to the Honorable Magistrate Judge by Order dated March 14, 2019 [Dkt. 385].

The Motion focuses on diaries Chung kept for the years 2011 to 2015, while working with Samsung. At deposition on July 3, 2018, Chung admitted that he kept yearly diaries containing Samsung and other information in small books provided by Samsung and that he relied on the information in these diaries in drafting his First Amended Answer [Dkt. 172]. Chung also indicated during this deposition that he would work with Samsung to provide copies

of the diaries. At his second deposition, on August 29, 2018, however, Chung claimed he had lost the diaries. He admitted again, though, that he had relied on the diaries in drafting his First Amended Answer and that he believed he had possession of the diaries at the time of the first deposition. Chung had acknowledged during the first deposition, too, that he should not destroy evidence related to the lawsuit.

Chung's Response does little more than support Samsung's Motion. Chung admits in the Response "he kept yearly diaries . . . from 2011 to 2015 and that he relied upon those diaries in preparing his First Amended Answer[,]" filed in 2017 [Dkt. 383 at 1]. Chung's Response also further illustrates Samsung's main point: the diaries once were in Chung's possession during the litigation, and now they are gone [Dkt. 383 at 2]. And yet Chung offers no explanation for their absence. Chung states only that he "had thought the diaries had been in his traveling bag after his return from Korea" and that "he has found he doesn't have [the] diaries" [Dkt. 383 at 2].

A party must preserve evidence related to litigation prior to litigation and pending its conclusion. *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). Where a party willfully and in bad faith spoliates evidence and, in doing so, prejudices the other party, a court may levy proportionate sanctions. *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800-01 (N.D. Tex. 2011). In determining whether it should impose sanctions, a court may infer bad faith from the circumstances, and may consider loss of evidence an intentional act of spoliation. *Quantlab Techs. Ltd. (BGI) v. Godlevsky*, No 4:09-cv-4039, 2014 WL 651944, at *2 (S.D. Tex. Feb. 19, 2014). Even "plausible . . . suggestions" of harm from the loss of the evidence, if "concrete[,]" will suffice to demonstrate prejudice. *Centimark Corp. v. Pegnato Roof Mgmt., Inc.*, No. 05-708, 2008 WL 1995305, at *7 (W.D. Pa. May 6, 2008).

It is undisputed here that Chung had the diaries during litigation (and even possibly as late as his first deposition on July 3, 2018), but does not have them anymore. Not only did Chung admit at each of his depositions that he had the diaries and relied upon them in drafting his First Amended Answer (well after this litigation commenced), he reiterates as much in his Response. Given that Chung has consistently represented to Samsung and the Court that he had the diaries during the litigation, relied on them in drafting pleadings, and has since lost, destroyed, or otherwise misplaced them, the Court should find these admissions binding on Chung. *Stallard v. United States*, 12 F.3d 489, 495-96 (5th Cir. 1994) (concluding the United States bound itself by judicial admission to its repeated representations regarding the timing of an assessment to that admission as a matter of law).

Further, the Court should infer Chung acted in bad faith in losing, destroying, or misplacing the diaries. Chung offers no explanation in his Response or otherwise for the diaries' absence, and he admits the diaries contained relevant information. The record accordingly offers concrete proof the diaries contained information germane to this litigation (whether helpful to Samsung's case or harmful to Chung's) but is bare as to the reasons why the diaries have gone missing. This despite Chung's representation during the first deposition he would work with Samsung's counsel to have copies of the diaries made and his having had an opportunity (through his Response) to offer additional explanation. Under the circumstances, the jury should hear evidence of Chung's misconduct and be given the opportunity to draw an adverse inference based on same.

Based on the foregoing and the arguments in its Motion, Samsung respectfully requests that the Court grant its Motion for Sanctions for Spoliation of Evidence [Dkt. 372] and order that the jury be permitted (a) to hear evidence Chung spoliated evidence and (b) to draw an

adverse inference based on same.

                                            Respectfully submitted,

                                            **BELL NUNNALLY & MARTIN LLP**

                                            By: */s/ Benjamin L. Riemer*
                                                  Jeffrey J. Ansley
                                                  State Bar No. 00790235
                                                  jansley@bellnunnally.com
                                                  Jeffrey S. Lowenstein
                                                  Texas Bar No. 24007574
                                                  jlowenstein@bellnunnally.com
                                                  Benjamin L. Riemer
                                                  State Bar No. 24065976
                                                  briemer@bellnunnally.com

                                            2323 Ross Avenue, Suite 1900
                                            Dallas, Texas 75201
                                            Telephone:  (214) 740-1400
                                            Facsimile:  (214) 740-1499

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on March 25, 2019, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court, which will send notification to all parties of record.

                                   */s/ Benjamin L. Riemer*
                                   Benjamin L. Riemer

4414148_1.docx / 10133.1