# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Plaintiff, | | |
| v. | § § § | Civil Action No: 3:15-CV-4108-L |
| YANG KUN "MICHAEL" CHUNG, THOMAS PORCARELLO, and JIN-YOUNG SONG, | § § § § § | |
| Defendants, | § § | |
| and | § § | |
| ALL PRO DISTRIBUTING, INC., | § § § | |
| Defendant-Third-Party Plaintiff, | § § § | |
| v. | § § § | |
| CVE TECHNOLOGY GROUP, INC., | § § § | |
| Third-Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion for Leave to File its Fourth Amended Complaint (Doc. 435), filed June 28, 2019; and Third-Party Defendant CVE Technology Group, Inc.'s Motion to Dismiss All Pro Distributing, Inc.'s Third-Party Complaint for Lack of Subject Matter Jurisdiction (Doc. 378), filed March 1, 2019.[1]

---

[1] Also pending are Plaintiff Samsung Electronics, Inc.'s Motion for Partial Summary Judgment (Doc. 364) (under seal), filed February 20, 2019; Defendant All Pro Distributing, Inc.'s Motion to Exclude the Testimony of Plaintiff's Expert Keith Mallinson (Doc. 370) (under seal), filed March 1, 2019; Plaintiff's Motion to Exclude and Strike Testimony of Defendant All Pro Distributing, Inc.'s Designated Expert W. Scott Dalrymple (Doc. 373) (under seal), filed March 1, 2019; Third-Party Defendant CVE Technology Group, Inc.'s Motion for Summary Judgment (Doc. 375) (under seal), filed March 1, 2019; Defendant All

**Memorandum Opinion and Order – Page 1**

Having considered the motions, responses, replies, legal briefing, pleadings, record, and applicable law, the court **grants** Plaintiff's Motion for Leave to File its Fourth Amended Complaint (Doc. 435)—insofar as it requests the court take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record with the United States Patent and Trademark Office ("USPTO"), including certain federal trademark registration numbers, together with the ownership and trademark specifications contained therein—and **denies** the motion as **moot** in all other respects; and **denies as moot** Third-Party Defendant CVE Technology Group, Inc.'s Motion to Dismiss All Pro Distributing, Inc.'s Third-Party Complaint for Lack of Subject Matter Jurisdiction (Doc. 378).

I.  **Background**

This case is the subject of three prior decisions by the Honorable Sidney A. Fitzwater. *See Samsung Elecs. Am., Inc. v. Chung*, 2017 WL 635031 (N.D. Tex. Feb. 16, 2017) (Fitzwater, J.) ("*Samsung I*"); *Samsung Elecs. Am., Inc. v. Yang Kun "Michael" Chung*, 2018 WL 1532383 (N.D. Tex. Mar. 29, 2018) (Fitzwater, J.) ("*Samsung II*"); *Samsung Elecs. Am., Inc. v. Chung*, 2018 WL 3475593 (N.D. Tex. July 19, 2018) ("*Samsung III*"). On November 9, 2018, Judge Fitzwater recused himself, and the matter was reassigned to this court. (Doc. 318). In light of Judge Fitzwater's prior decisions, the court will recount only the facts and procedural history relevant to the pending motions.

On December 31, 2015, Plaintiff Samsung Electronics America, Inc. ("Samsung") filed this lawsuit alleging claims related to a scheme involving the distribution of service parts for

---

Pro Distributing, Inc.'s Motion for Summary Judgment (Doc. 380) (under seal), filed March 1, 2019; Defendant All Pro Distributing, Inc.'s Objections and Motion to Strike the Declaration of Christopher Martinez (Doc. 387) (under seal), filed March 20, 2019; Plaintiff's Motion to Strike the Declarations of Shawn Shabtay and Enrique Loza (Doc. 403) (under seal), filed April 3, 2019; and Plaintiff's Sealed Motion to Strike All Pro Distributing, Inc.'s Appendix to Reply to All Pro's Motion for Summary Judgment (Doc. 427) (under seal), filed May 3, 2019. These motions will be addressed by separate order.

Samsung devices. Defendants are All Pro Distributing, Inc. ("All Pro") and four Samsung employees—Yang Kun "Michael" Chung ("Chung"), Thomas Porcarello ("Porcarello"), Yoon-Chul "Alex" Jang[2], and Jin-Young Song (collectively, the "Employee Defendants")—whose employment involved the management and sale of Samsung parts. In the Third Amended Complaint, the live pleading, Samsung alleges that the Employee Defendants exerted control over Samsung's Services Operations Department and were involved in an unlawful scheme centering on service parts. As it relates to All Pro, Samsung asserts that Chung, Porcarello, and other Samsung employees directed build kits to All Pro through a third party. The build kits included, among other things, PBAs (the "brains" of Samsung cell phones) and OCTAs (the touch screens used on the devices.). Although the OCTAs bore Samsung's registered trademark, Samsung intended the parts to be used for servicing, and it did not authorize either part to be resold. Samsung alleges that the third party constructed phones from the build kits and then routed them to All Pro for distribution. Samsung also alleges that the scheme involved designing and rigging an auction process to allow select companies, including All Pro, to obtain Samsung parts at a significant discount.

Samsung asserts claims against All Pro for violating the Lanham Act and the Texas Trademark Act ("TTA"), violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), aiding and abetting breach of fiduciary duties, tortious interference with contract, civil conspiracy, and misappropriation of trade secrets.[3]

---

[2] On October 21, 2019, pursuant to Federal Rule of Civil Procedure 41, Plaintiff and Defendant Yoon-Chul "Alex" Jang stipulated that all claims against Yoon-Chul "Alex" Jang had been settled, and that Yoon-Chul "Alex" Jang was dismissed from the lawsuit with prejudice. *See* Jt. Stip. of Settlement and Dismissal with Prejudice as to Yoon-Chul "Alex" Jang (Doc. 441).

[3] Samsung asserts claims against the Employee Defendants for federal trademark infringement, Texas trademark infringement, civil RICO, breach of contract, breach of fiduciary duties, civil conspiracy, and misappropriation of trade secrets.

**Memorandum Opinion and Order – Page 3**

All Pro, in its second amended counterclaim, asserts claims against Samsung for fraudulent misrepresentation, fraud by non-disclosure, negligent misrepresentation, frivolous lawsuit, and business disparagement. Following Judge Fitzwater's decision in *Samsung III*, in which he dismissed with prejudice All Pro's counterclaims against Samsung for fraudulent misrepresentation, fraud by non-disclosure, and negligent misrepresentation, All Pro's remaining counterclaims are for frivolous lawsuit and business disparagement.

Finally, All Pro, with leave of court, has filed a third-party action against third-party defendant CVE Technology Group, Inc. ("CVE"), a repair facility that provided services in connection with certain Samsung products. All Pro asserts a claim for contribution from CVE under Texas law in the event Samsung prevails in this lawsuit.

After Judge Fitzwater recused himself and the matter was reassigned to this court on November 8, 2019 (Doc. 318), the court issued a Sixth Amended Scheduling Order (Doc. 354), setting this case for trial on its four-week docket beginning August 5, 2019. Thereafter, Samsung, All Pro, and CVE filed dispositive motions, as well as evidentiary objections and motions to strike. In addition, CVE has filed a motion to dismiss All Pro's third-party complaint against it for contribution, asserting that Samsung did not have standing to bring its federal trademark claims against All Pro in the first instance, thereby eliminating the basis for federal subject matter jurisdiction, and requiring dismissal of All Pro's derivative claim against CVE for contribution. In response to third-party litigant CVE's prompting, Samsung now seeks leave to amend its complaint "out of an abundance of caution" to allege it is the owner and registrant of the Samsung trademarks at issue, namely, United States Registration No. 1,164,353 (the "'353 Mark") and United States Registration No. 2,214,833 (the "'833 Mark") (sometimes collectively, the

"Samsung Marks"). Pl.'s Mot. for Leave 2 (Doc. 435). Alternatively, Samsung asks the court to take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record, and specifically the Samsung Marks, together with the ownership and the trademark specifications contained therein. The court first addresses Samsung's request that it take judicial notice of matters of public record from the USPTO.

## II. Legal Standards

### A. Federal Rule of Evidence 201

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court must, however, take judicial notice if requested by a party and the court is given the necessary information. Fed. R. Evid. 201(c). "A fact that has been judicially noticed is not subject to dispute by the opposing party—indeed, that is the very purpose of judicial notice." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998). "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." *Id.* at 831 n.28 (citation omitted). Furthermore, "Rule 201 authorizes the court to take notice only of 'adjudicative facts,' not legal determinations." *Id.* at 831. Courts routinely take judicial notice of public records, including court documents and trademark registrations. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.") (citation omitted).

### B. Trademark Infringement

To succeed on federal and common law trademark infringement claims, a plaintiff must first establish ownership of the marks at issue. Section 1114 of Title 15 states that "[a]ny person who shall, without the consent of the *registrant* [violate subsection (a) or (b) of that section], shall be liable in a civil action *by the registrant* for the remedies hereinafter provided." 15 U.S.C. § 1114 (emphasis added). Section 1125(c)(1) of Title 15 provides that the: "*owner* of a famous mark . . . shall be entitled to an injunction against another person who, at any time after the *owner's* mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution . . . ." (emphasis added). *See generally TGI Friday's, Inc. v. Great Nw. Rest., Inc.*, 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009) (Fitzwater, C.J.) ("To succeed on a trademark infringement claim, a plaintiff first must show ownership of a legally protectable mark, and then it must establish infringement of the mark.") (citing *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008)).

Registration with the USPTO constitutes prima facie evidence of the validity of the mark and the registrant's exclusive right to use the mark for the services specified in the registration. *See Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998); 15 U.S .C. § 1115(a).

### III. Analysis

### A. Plaintiff's Motion for Leave to File its Fourth Amended Complaint (Doc. 435)

In response to third-party litigant CVE's prompting in its motion to dismiss All Pro's third-party complaint against it, Samsung seeks leave to amend its complaint "out of an abundance of caution" and to "erase[] any doubt" to allege it is the owner and registrant of the Samsung Marks. Pl.'s Mot. for Leave 2 (Doc. 435). Alternatively, Samsung asks the court to take judicial notice of these matters of public record pursuant to Federal Rule of Evidence 201. In response, All Pro

argues that Samsung has failed to establish good cause to amend its pleadings after the deadline for amendment has passed under Federal Rule of Civil Procedure 16. All Pro, however, does not respond to Samsung's request that the court take judicial notice of matters of public record pursuant to Federal Rule of Evidence 201.

Samsung has provided the court with the USPTO registration records concerning the marks at issue. *See* App. in Support of Pl.'s Mot. for Leave (Doc. 435-1) (USPTO records registering the '353 Mark and the '833 Mark to Samsung Electronics America, Inc.). The court will grant Samsung's request for the court to take judicial notice of matters of public record under Federal Rule of Evidence 201, specifically the '353 Mark and the '833 Mark, together with the ownership and trademark specifications contained therein. *See Get Me, LLC v. Abello*, 2017 WL 11493795, at *2 (N.D. Tex. Nov. 30, 2017) (Godbey, J.) (taking judicial notice of Trademark Trial and Appeal Board's judgment cancelling the defendant's trademark registration); *Brown v. Bridges*, 2016 WL 3660666, at *2 (N.D. Tex. Jan. 26, 2016) (Solis, J.), *aff'd*, 692 F. App'x 215 (5th Cir. 2017) (taking judicial notice of trademark registration documents as public records under Federal Rule of Evidence 201); *Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, 2014 WL 642731, at *3 n. 4 (Feb. 19, 2014) (Fitzwater, C.J.) (taking judicial notice of trademark registration documents under Federal Rule of Evidence 201); *Flu Shots of Tex., Ltd. v. Lopez*, 2014 WL 1327706, at *5 (N.D. Tex. Apr. 3, 2014) (O'Connor, J.) (taking judicial notice of trademark registration documents as public records under Federal Rule of Evidence 201); *Booking.com B.V. v. Matal*, 278 F. Supp. 3d 891, 911 (E.D. Va. 2017) (noting that courts "may take judicial notice of information in the public record[] . . . such as registrations in the Principal Register"); *Git-R-Done Prods., Inc. v. Giterdone C Store, LLC*, 2016 WL 3072391, at *2 (S.D. Miss. May 31, 2016) (taking

judicial notice of trademark registration documents as public records under Federal Rule of Evidence 201).

As an alternative to asking the court to take judicial notice of matters of public record under Federal Rule of Evidence 201, Samsung sought to amend its pleadings to add allegations that it is the owner and registrant of the Samsung Marks. Because the court has taken judicial notice of the trademark registration documents for the Samsung Marks as public records under Federal Rule of Evidence 201, the court will deny as moot the remainder of Plaintiff's Motion for Leave to File Fourth Amended Complaint.

> **B. Third-Party Defendant CVE Technology Group, Inc.'s Motion to Dismiss All Pro Distributing, Inc.'s Third-Party Complaint for Lack of Subject Matter Jurisdiction (Doc. 378)**

In Third-Party Defendant CVE Technology Group, Inc.'s Motion to Dismiss All Pro Distributing, Inc.'s Third-Party Complaint for Lack of Subject Matter Jurisdiction (Doc. 378), CVE asserts that All Pro's derivative contribution claim against it cannot stand in light of Samsung's failure to allege specifically in the Third Amended Complaint that it is the registered owner of the Samsung Marks. Absent ownership, CVE contends that Samsung lacks standing to pursue its federal trademark infringement claims, its common law trademark infringement claim, and its RICO claims, and the court should exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. As the court has granted Samsung's request that it take judicial notice of the trademark registration documents for the Samsung Marks as public records under Federal Rule of Evidence 201, the jurisdictional arguments upon which CVE's motion is premised have been rendered moot. Accordingly, the court will deny as moot Third-Party Defendant CVE Technology Group, Inc.'s Motion to Dismiss All Pro Distributing, Inc.'s Third-Party Complaint for Lack of Subject Matter Jurisdiction (Doc. 378).

## IV. Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Motion for Leave to File its Fourth Amended Complaint (Doc. 435)—insofar as it requests the court take judicial notice pursuant to Federal Rule of Evidence 201 of federal trademark registration numbers United States Registration No. 1,164,353 and United States Registration No. 2,214,833, together with the ownership and trademark specifications contained therein—and **denies** the motion **as moot** in all other respects; and **denies as moot** Third-Party Defendant CVE Technology Group, Inc.'s Motion to Dismiss All Pro Distributing, Inc.'s Third-Party Complaint for Lack of Subject Matter Jurisdiction (Doc. 378).

**It is so ordered** this 13th day of February 2020.

_____
Sam A. Lindsay
United States District Judge