# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. 3:15-cv-04108-D |
| § § | |
| YANG KUN "MICHAEL" CHUNG, ET AL., § § § | |
| Defendants. § § | |

## PLAINTIFF'S MOTION TO STRIKE THE APPENDIX ATTACHED TO ALL PRO'S OBJECTIONS TO AND MOTION TO RECONSIDER THE MAGISTRATE JUDGE'S REPORT

Jeffrey J. Ansley
State Bar No. 00790235
jansley@bellnunnally.com
Jeffrey S. Lowenstein
State Bar No. 24007574
jlowenstein@bellnunnally.com
Benjamin L. Riemer
State Bar No. 24065976
briemer@bellnunnally.com
Brent A. Turman
State Bar No. 24077506
bturman@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Telephone: (214) 740-1400
Facsimile: (214) 740-1499

**ATTORNEYS FOR PLAINTIFF
SAMSUNG ELECTRONICS AMERICA, INC.**

Plaintiff Samsung Electronics America, Inc. ("Plaintiff" or "Samsung") files its Motion to Strike the Appendix in Support of Defendant All Pro Distributing, Inc.'s Objections to and Motion to Reconsider Magistrate Judge's Report Denying Defendant All Pro Distributing, Inc.'s Motion for Summary Judgment, granting Plaintiff Samsung Electronics America, Inc.'s Motion for Partial Summary Judgment, and Granting Third-Party Defendant CVE Technology Group, Inc.'s Motion for Summary Judgment (the "Appendix"). Samsung requests through this motion that the Court strike the Appendix All Pro Distributing, Inc. ("All Pro") improperly filed with its Objections to and Motion to Reconsider the Magistrate Judge's Report. (ECF 455.) In support of the motion, Samsung would respectfully show as follows:

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Samsung filed this lawsuit on December 31, 2015, alleging, *inter alia*, a conspiracy among certain Samsung employees, including Michael Chung ("Chung") and All Pro, to rig Samsung's parts auctions in All Pro's favor and to divert Samsung parts to All Pro for assembly of counterfeit Samsung products. Specifically, Samsung claims All Pro's president and chief executive officer, Shawn Shabtay ("Shabtay"), bribed Chung on at least two occasions and induced Chung to rig the auctions and to divert the counterfeit products. (*See* ECF 1; 444.) All Pro asserts related counterclaims against Samsung and asserts third-party CVE Technology Group, Inc. ("CVE") should be jointly liable for certain claims Samsung makes against All Pro.

As relevant here, Samsung and All Pro each filed summary judgment motions seeking judgment as a matter of law on particular claims. Samsung filed its Motion for Partial Summary Judgment (and related appendix) on February 20, 2019, to request dismissal of All Pro's business disparagement and frivolous suit counterclaims. (ECF 364-366.) All Pro responded to Samsung's Motion on March 20, 2019, arguing the Court should not dismiss its claims. (ECF 389-390.) One

of All Pro's primary—but unsuccessful—arguments in its response was that the cash payments Shabtay secretly made to Chung were not bribes. All Pro attached evidence purporting to support that argument. All Pro filed its Motion for Summary Judgment (and an appendix) on March 1, 2019, seeking dismissal of all of Samsung's claims. (ECF 380-382.) On several occasions in the briefing relating to its motion for summary judgment, All Pro also argued that the secret cash payments at issue were not bribes but, instead, were legitimate business transactions. Again, All Pro attached evidence it argued supported that position.

In total, All Pro has filed <u>1,130 pages</u> of evidence with the Court relating to these two motions.[1] After considering all of the briefing and voluminous evidence filed with the Court, the Magistrate Judge entered a thorough, 72-page Report and Recommendation ("Report") resolving these motions for summary judgment, as well as the motion for summary judgment filed by CVE. (ECF 446.) Notably, the Magistrate Judge found and repeatedly noted that a fact issue exists as to whether the payments from Shabtay to Chung constitute bribes. All Pro filed objections to the Magistrate Judge's Report that, in part, contest this finding. (ECF 454.) Alongside its objections, All Pro improperly filed yet another appendix, seemingly in an attempt to backdoor new evidence into the summary judgment record to bolster its claim the payments are not bribes. (ECF 455.)

Samsung files this motion to request that the Court strike the appendix All Pro improperly filed with its objections from the summary judgment record.[2] All Pro had, and took full advantage of, the opportunity to present evidence supporting its arguments relating to the motions for

---

[1] All Pro filed appendices with its Motion for Summary Judgment (ECF 382, including 811 pages), Response to Samsung's Motion for Partial Summary Judgment (ECF 390, including 275 pages), Reply in Support of its Motion for Summary Judgment (ECF 421, including 44 pages). Combined, these filings include 1,130 pages of evidence.

[2] As of the date of this filing, the Court has not ruled on All Pro's objections. (ECF 454.)

summary judgment. Nothing has changed, other than the fact that the Magistrate Judge did not agree with All Pro's claims. The Court should reject All Pro's attempt to introduce this evidence.

## II.    ARGUMENTS AND AUTHORITIES

### A.    Legal Standard

When considering a party's objections to a magistrate judge's findings and recommendations, a district court may "receive further evidence." 28 U.S.C. 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3). Whether to do so falls within the district court's sound discretion. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (per curiam). The Fifth Circuit has observed, however, that district courts "should consider" several factors "in deciding whether to accept additional evidence after a magistrate judge's recommendation has been issued," including the following four:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Id.* In considering these factors, courts dissuade litigants from impermissibly "us[ing] the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Id.* This is so that courts may rely on magistrate judges to reduce court congestion and promote efficient resolution of cases. *Cf. United States v. Raddatz*, 447 U.S. 667, 676 n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); FED. R. CIV. P. 72(b), 1983 advisory comm. notes ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Courts in the Fifth Circuit have determined in multiple cases a party should not be permitted to submit additional evidence that it could have submitted when the briefing was before the magistrate judge, particularly where it fails to explain why it did not do so in the first instance. *See, e.g.*, *Performance*, 322 F.3d at 862 (finding district court did not abuse its discretion in refusing to consider new evidence proffered by movant where movant failed to explain why it did not proffer the evidence before the magistrate judge, even though the non-movant knew about and had access to the omitted evidence); *Ghali v. United States*, 455 F. App'x 472, 476 (5th Cir. 2011) (per curiam) (unpublished) (finding trial court did not abuse its discretion in refusing to allow criminal defendant to supplement the record after the magistrate judge ruled against him given that defendant "could have submitted the evidence to the court when he filed [the motion]" and because "the evidence [he] attempted to submit [did] not affect [the court's legal] conclusion"); *Smith v. Palafox*, 728 F. App'x 270, 276 (5th Cir. 2018) (per curiam) (unpublished); *Gillam v. Wise*, No. 2:14-CV-2631, 2018 WL 1097159, at *1 (W.D. La. Feb. 28, 2018) (finding party against which the magistrate judge ruled on summary judgment could not offer new evidence before the district judge where he did not explain why he failed to offer the evidence before the magistrate judge and the evidence would not have changed the court's decision even if considered). The similar circumstances here counsel the same result.

**B.    The Court Should Strike All Pro's Supplemental Evidence**

All Pro could have presented the evidence it has attached to its objections for the Court's consideration to the Magistrate Judge. All Pro offers no explanation for waiting to present this evidence, and the circumstances suggest it has done so only because it is dissatisfied with the Magistrate Judge's Report. Moreover, All Pro presents this evidence not to rebut arguments in Samsung's response or in the Magistrate Judge's Report that were not raised earlier: All Pro made

the argument it proffers this evidence to support in its underlying Motion for Summary Judgment. Further, the additional evidence does nothing to show Shabtay's payments to Chung are not bribes, and Samsung would suffer prejudice were the Court to consider the additional evidence because All Pro would effectively get a second bite at the summary judgment apple on this important point. Considering All Pro's additional evidence in light of the Fifth Circuit's framework compels the conclusion that the Court should strike All Pro's appendix in its entirety.

First, though All Pro claims it presents this additional evidence "[a]s authorized by statute and rule," citing 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(3) (ECF 454 at 4-5), it provides no explanation for its failure to submit the evidence sooner. The circumstances suggest All Pro either forgot to include the evidence or withheld it intentionally. All Pro says the "[the appendix] contains emails previously produced to Samsung that provide additional support for All Pro's position that the exchange of money between Chung and Shabtay was for a lawful, legitimate, and unrelated independent business venture." (ECF 454 at 4-5.) If this were so, why would All Pro fail to submit this evidence when it sought summary judgment in the first instance? Why would All Pro fail to include this evidence in the appendix it submitted alongside its reply in support of its motion for summary judgment? All Pro provides no answer. Yet All Pro made this same argument in its Motion for Summary Judgment (*see* ECF 381 at 2, 7-8, 13, 30, 36), in its Response to Samsung's Motion for Partial Summary Judgment (*see* ECF 389 at 1, 5, 9-10, 13), and in its Reply in support of its Motion for Summary Judgment (*see* ECF 420 at 3, 12-13), presenting in each of these instances documents it thought might support this claim. Because All Pro does not explain why it failed to present the evidence attached to its objections to the Magistrate Judge, the Court should strike the evidence from the record. *See Performance*, 322 F.3d at 862.

Second, the additional evidence is not important. All Pro admits that the evidence attached to its appendix provides—if anything—"*additional* support for All Pro's position that the exchange of money between Chung and Shabtay was for a lawful, legitimate, and unrelated independent business venture." (ECF 454 at 4-5 (emphasis added).) In other words, the evidence is duplicative of other documents already before the Court. Moreover, even if these documents prove exactly what All Pro says they prove,[3] the ruling on the dueling motions for summary judgment would not change. The Magistrate Judge correctly concluded Chung's use of the payments Shabtay gave him has no impact on whether or not they amount to bribes. (ECF 446 at 23 ("Shabtay may well have paid Chung for a separate business venture, and that payment could still constitute a bribe. In other words, how Chung ultimately spent the money that he received from All Pro does not somehow or necessarily alter the propriety of the payment.").)

Third, as All Pro admits, (*see* ECF 454 at 4-5), the evidence was available to All Pro when it filed its Motion for Summary Judgment, when it responded to Samsung's Motion for Partial Summary Judgment, and when it filed its reply in support of its Motion for Summary Judgment.

Finally, Samsung will suffer prejudice if the Court considers this additional evidence. All Pro has had not only one or two opportunities to submit this evidence already, but three: it could have submitted the evidence with its Motion for Summary Judgment, in response to Samsung's Motion for Partial Summary Judgment, or alongside its reply in support of its Motion for Summary Judgment. Yet All Pro failed to do so, and accordingly prevented Samsung any opportunity to rebut or challenge this evidence before the Magistrate Judge. All Pro, as the summary judgment movant, bears the burden to demonstrate there is no genuine issue of material fact on this point, so it should have submitted this evidence with its underlying briefing. The Court should reject All

---

[3] A proposition that is suspect, as explained in Samsung's prior briefing. (*See* ECF 396 at 27-31.)

Pro's *fourth* stab at spinning Shabtay's bribes and reject its attempt to introduce this cumulative, irrelevant evidence and strike the appendix.

Alternatively, even if the Court does consider the evidence, the Magistrate Judge's findings regarding the bribes should stand. As noted above, the Magistrate Judge concluded that Chung's use of the cash payments Shabtay made to him—a fact no one disputes—has no bearing on the determination of whether those payments constitute bribes. All of the evidence in All Pro's appendix seeks to prove that Shabtay made the cash payments to Chung to support a legitimate, separate (but secret) business of Chung's. Even if that were true, the payments would still constitute a bribe: The "offer[ing], confer[ring], or agree[ment] to confer any benefit" intending to "influence the conduct of [a] fiduciary"—such as an employee—"in relation to the affairs of [the fiduciary's] beneficiary" is unlawful in Texas. TEX. PENAL CODE ANN. § 32.43(a)-(c). Further, bribery does not require a guaranteed result, it merely requires the intent to obtain a benefit and/or influence the conduct of a fiduciary of the enterprise. *E.g., Cotter & Sons, Inc. v. BJ Corp.*, 549 S.W.3d 715, 723-24 (Tex. App.—San Antonio 2017, pet. denied) (collecting authorities). Intent here means acting "knowingly with respect to the nature of [one's] conduct or to circumstances surrounding [one's] conduct when [one] is aware of the nature of [one's] conduct or that the circumstances exist." *Id.* § 6.03(b). Additionally, one may act "knowingly with respect to a result of [one's] conduct when [one] is aware that [the] conduct is reasonably certain to cause the result." *Id.* As Samsung's briefing and evidence in its response to All Pro's Motion for Summary Judgment shows, Shabtay's payments to Chung constitute bribes under these standards. (*See* ECF 396 at 27-31.) The Magistrate Judge correctly determined that how Chung spent the money would not impact this conclusion. The Court should do the same.

### III.  CONCLUSION AND PRAYER

For these reasons, Samsung request the Court grant this Motion, strike the Appendix in Support of Defendant All Pro Distributing, Inc.'s Objections to and Motion to Reconsider Magistrate Judge's Report Denying Defendant All Pro Distributing, Inc.'s Motion for Summary Judgment, granting Plaintiff Samsung Electronics America, Inc.'s Motion for Partial Summary Judgment and Granting Third-Party Defendant CVE Technology Group, Inc.'s Motion for Summary Judgment (ECF 455) in its entirety or to the extent the Court finds appropriate, and grant Samsung such other and further relief to which it may be justly entitled.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:   */s/ Benjamin L. Riemer*
      Jeffrey J. Ansley
      State Bar No. 00790235
      jansley@bellnunnally.com
      Jeffrey S. Lowenstein
      State Bar No. 24007574
      jlowenstein@bellnunnally.com
      Benjamin L. Riemer
      State Bar No. 24065976
      briemer@bellnunnally.com

2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Telephone:  (214) 740-1400
Facsimile:   (214) 740-1499

**ATTORNEYS FOR PLAINTIFF
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 20, 2020, counsel for Samsung, conferred with counsel for All Pro, concerning the relief sought in this Motion. Counsel for All Pro stated that All Pro is opposed to this Motion and, as a result, Samsung present this Motion for the Court's resolution.

*/s/ Benjamin L. Riemer*
Benjamin L. Riemer

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

*/s/ Brent A. Turman*
Brent A. Turman